NANCY PATRICK, Special Adm'r of the Estate of Kenneth E. Patrick, Deceased, Plaintiff-Appellant, v. VILLAGE MANAGEMENT *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—0335

Opinion filed December 28, 1984.

Benjamin & Shapiro, Ltd., of Chicago, for appellant.

Herbert F. Stride, Ltd., of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Nancy Patrick, as special administrator of the estate of Kenneth E. Patrick, deceased, sought damages for personal injuries resulting from Patrick's fall down a stairway in an apartment building. The court dismissed plaintiff's complaints against the alleged owners of the premises, Avenue State Bank as trustee under trust No. 1193, Village Management, Leigh A. and Maureen G. Johnson and Richard A. Panfil. Plaintiff appeals the dismissal of the complaint against Panfil. We affirm.

On June 30, 1977, Kenneth Patrick fell down a stairway at 7 West Augusta in Oak Park. Patrick's complaint, filed June 6, 1979, named Avenue State Bank as trustee under trust No. 1193 and Village Management as defendants and alleged that they owned the premises where Patrick fell. Summons was served on the bank on June 11, 1979. The bank moved to dismiss the complaint on the ground that it is the holder of naked legal title to the premises under a trust agreement pursuant to which the beneficiaries of the trust control and manage the property. The bank provided the names of the current beneficiaries and the names of the beneficiaries prior to April 13, 1979, Leigh A. and Maureen G. Johnson. The court dismissed the complaint against the bank.

On June 3, 1980, plaintiff filed a first amended complaint adding Leigh A. and Maureen G. Johnson as defendants. Leigh A. Johnson, doing business as Village Management, and the Johnsons individually, moved to dismiss the complaint on the ground that they were not the owners of the premises on June 30, 1977, since the property was sold to Richard A. Panfil and Roger E. Ruminer on November 22, 1975, under articles of agreement for deed. Attached to the Johnsons' motion were Leigh Johnson's affidavit, in which he stated that he directed the bank to execute the articles of agreement for deed, and a

copy of the articles of agreement for deed wherein the bank as trustee is designated as the seller. On September 19, 1980, plaintiff filed a second amended complaint adding Panfil and Ruminer as defendants. On September 25, 1981, the court dismissed the complaint against the Johnsons and Village Management with prejudice. Panfil moved to dismiss the second amended complaint on the ground that it was filed more than two years after the incident and therefore barred by the statute of limitations. The court dismissed the complaint against Panfil.

To overcome the statute of limitations' bar to her action against Panfil, plaintiff here invokes the relation-back doctrine, which provides that an amendment adding a person as a defendant relates back to the date of the filing of the original pleading if all the following terms and conditions are met:

"(1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. ***" (Ill. Rev. Stat. 1983, ch. 110, par. 2—616.)

There is no dispute that plaintiff met the terms and conditions of subsections (d)(1), (d)(2) and (d)(5). The original action was commenced on June 6, 1979, less than two years after the incident, which took place on June 30, 1977. Plaintiff's failure to name Panfil in the original complaint was inadvertent in that it was due to excusable ignorance regarding the installment sale of the property. The record indicates

that the contract of sale to Panfil was not recorded, so plaintiff's title search did not reveal Panfil's name in connection with the ownership of the property. Plaintiff acted to add Panfil as a defendant less than three weeks after the Johnsons' motion to dismiss revealed his existence. The cause of action in both the original and the amended complaints arose out of the same occurrence, Kenneth Patrick's fall on the stairway. Thus, the dispositive issue here is whether plaintiff met the condition set forth in subsection (d)(3), specifically, whether an installment contract purchaser of real property which is the *res* of a land trust is a beneficiary of that trust.

Plaintiff argues that a contract purchaser of real property that is the *res* of a land trust is a beneficiary of that trust. Plaintiff contends that because the contract purchaser has the right to possession and income from the property, he fits the definition of a beneficiary. Further, plaintiff asserts that the contract purchasers here were merely substituted as beneficiaries of the land trust. We believe that plaintiff's argument lacks merit.

An Illinois land trust is an arrangement under which legal and equitable title to real property is held by a trustee and the interest of the beneficiary is personal property. (*Wachta v. First Federal Savings & Loan Association* (1981), 103 Ill. App. 3d 174, 176, 430 N.E.2d 708, 711.) The owner of a beneficial interest in a land trust is accorded four basic powers: (1) to possess, manage and physically control the real estate; (2) to receive all income generated by the property; (3) to direct the trustee in dealing with title to the real estate; and (4) to receive the proceeds of any sale of the property made pursuant to the power of direction. (*Wachta v. First Federal Savings & Loan Association* (1981), 103 Ill. App. 3d 174, 176, 430 N.E.2d 708, 711.) The owner of the beneficial interest is also empowered to transfer all or any number of the incidents of his beneficial interest through an assignment. 103 Ill. App. 3d 174, 177, 430 N.E.2d 708, 711.

■■ ■ Here, the beneficiaries of the land trust directed the trustee to execute the articles of agreement for deed, thereby essentially directing the trustee to give legal title to the property to the contract purchasers at the specified time. Generally, a contract purchaser becomes the equitable owner of the real property upon execution of the installment contract. (*Conner v. First National Bank & Trust Co.* (1982), 108 Ill. App. 3d 534, 538, 439 N.E.2d 122, 125.) Thus, upon execution of the articles of agreement, Panfil and Ruminer became equitable owners of the real property which is the *res* of the land trust. The land trust beneficiaries did not convey their personal property—their interest in the real estate. We believe that

the installment sale constituted the beneficiaries' exercise of their power of direction regarding title to the property, while retaining their beneficial interest in the property as distinguished from an assignment of their beneficial interest. Legal title is to remain in the trustee for the benefit of the sellers/beneficiaries until the time that the purchasers are entitled to the deed. (*Cf. Conner v. First National Bank & Trust Co.* (1982), 108 Ill. App. 3d 534, 537, 439 N.E.2d 122, 125.) The beneficiaries of the land trust exercise certain rights by virtue of a contract—the trust agreement. (H. Kenoe, Land Trusts sec. 1.11 (Ill. Inst. Cont. Leg. Educ. 1981).) The contract between the purchasers and the trustee does not confer beneficiary status on the purchasers. We therefore conclude that, by serving the bank as trustee of the land trust, plaintiff did not satisfy the condition of the relation-back doctrine set forth in subsection 2—616(d)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)(3)), because the additional defendants were not the beneficiaries of the land trust. Having determined that plaintiff did not meet the condition set forth in subsection (d)(3), we need not consider whether Panfil knew about the action so as to satisfy subsection (d)(4).

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA and McGILLICUDDY, JJ., concur.