RAYMOND KAPPEL, Plaintiff-Appellant, v. VINCENT ERRERA, Defendant (Vincent Barraco, Defendant-Appellee).

First District (3rd Division)   No. 85—2434

Opinion filed December 2, 1987.

E. T. Cunningham, of Chicago, for appellant.

Dowd & Dowd, Ltd., of Chicago (Michael E. Dowd, Phillip J. McGuire, and Kevin P. Kamraczewski, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

In this personal injury action, plaintiff, Raymond Kappel, appeals from an order of the circuit court granting defendant Vincent Barraco's motion to be dismissed from the lawsuit with prejudice pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). The rule permits dismissal of a defendant with prejudice where the plaintiff fails to exercise reasonable diligence to obtain service on the defendant after the expiration of the applicable limitations period. We affirm.

Kappel filed a complaint on March 4, 1977, against the City of Chicago and Drovers National Bank as trustee under trust No. 75037. Kappel sought to recover for injuries he allegedly sustained when he fell in an open manhole in the sidewalk in front of the property which constituted the *res* of the land trust. The accident occurred on May 21, 1976. In a letter dated March 22, 1977, Drovers National Bank sent Kappel's counsel a letter informing him that Vincent Errera and Vincent Barraco were the beneficiaries of land trust No. 75037. Kappel then filed an amended complaint on August 12, 1977, in which he added Barraco and Vincent Errera as defendants. Errera is not a party to this appeal. Kappel subsequently moved for the entry of an order of default against Barraco based on Barraco's failure to answer or otherwise plead to Kappel's complaint. The trial court did not rule on the motion to default Barraco. Meanwhile, on December 2, 1982, the court entered an order embodying a settlement agreement entered into between Kappel and the City of Chicago.

On July 5, 1984, Kappel again filed a motion to have Barraco declared in default. In his motion, Kappel alleged that service on Drovers National Bank as trustee of trust No. 75037 constituted service on Barraco as a beneficiary. Barraco's attorney filed a special and limited appearance on behalf of Barraco and then filed a motion to quash any purported service of summons that was based upon service on Drovers National Bank as trustee. A hearing was held on these matters before Judge Barth on July 9. The court determined that summons on Drovers National Bank did not constitute service on Barraco, and it ordered that Kappel serve Barraco with summons within a reasonable time. The court denied Kappel's motion for default. The next day, the court entered an order appointing a special process server. Barraco was ultimately served with summons on July 13, 1984.

On July 23, 1984, Barraco filed a motion to dismiss Kappel's complaint with prejudice as it related to Barraco pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for Kappel's failure to exercise reasonable diligence in obtaining service on Barraco. A hearing was held before Judge Barth on July 23, 1985. The trial court found that Kappel had not exercised reasonable diligence in serving Barraco with summons, and it therefore granted Barraco's motion to be dismissed as a defendant with prejudice.

On appeal, Kappel argues that the trial court abused its discretion in granting Barraco's Rule 103(b) motion. Relying on language contained in section 2—616(d)(3) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—616), Kappel contends that Rule 103(b) is inapplicable here because service of process on Drovers National Bank (Bank) as trustee of trust No. 75037 constituted service on Barraco as a beneficiary. As a result, the trial court possessed jurisdiction over Barraco and it was not necessary for Kappel to obtain service of process on Barraco individually. Therefore, Kappel argues that there was no failure to obtain service of process within the applicable limitations period. Barraco, however, contends that the provisions of section 2—616(d)(3) provide only for amendments to pleadings, and that the language of subsection (3) is not a substitute for the jurisdictional requirement of service of process. We agree.

Section 2—616(d) of the Code provides that an amendment to a pleading which adds a person as a defendant relates back to the date of the filing of the original pleading if certain terms and conditions are met. The provision of section 2—616 upon which Kappel relies states:

"(d)(3) [S]ervice of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant

made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d).) Specifically, Kappel points to that portion of subsection (d)(3) which states "service of summons was in fact had upon *** a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary." (Ill. Rev. Stat. 1985, ch. 110, par. 2—616(d)(3).) Kappel relies on this excerpt as the basis for his argument that the trial court had jurisdiction of Barraco prior to Kappel's service of summons pursuant to court order. We believe that Kappel's argument lacks merit.

Section 2—616 of the Code is commonly known as the relation-back doctrine and relates solely to amendment of pleadings. This section of the Code was drafted and subsequently adopted to preclude a defendant from using the statute of limitations as a defense to a plaintiff's attempt to amend a pleading to join a previously unnamed defendant.

■ Kappel was injured on May 21, 1976. The applicable limitation period in a personal injury cause of action is two years. (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) Kappel filed his original complaint naming only the City of Chicago and the Bank as defendants on March 4, 1977. Kappel obtained service of process on the Bank on March 10, 1977. Kappel subsequently filed his amended complaint adding Barraco as a defendant on August 12, 1977. Both Kappel's original and amended complaints were filed well within two years after Kappel was injured. Moreover, Barraco did not assert the statute of limitations as a defense to Kappel's cause of action and motion to obtain a default judgment. Rather, Barraco alleged that because the limitations period in Kappel's cause of action had expired on or about May 21, 1978, and Barraco was not served with process until July 13, 1984, over six years later, Kappel failed to exercise due diligence in obtaining service of process in contravention of Supreme Court Rule 103(b). Clearly, section 2—616 is not applicable to Kappel's cause of action in the first instance.

However, notwithstanding the inapplicability of section 2—616 to his cause of action, Kappel further argues that the relevant language of this section implies that service of process on a trustee of a land trust constitutes service of process on a beneficial owner of that land trust. In effect, Kappel is requesting that we expand upon the present process section of the Code and establish an additional manner in

which service of process may be had upon an individual defendant who is a beneficial owner of a land trust. We decline to reach such a result.

■ Initially, section 2—616 is not jurisdictional in nature. As a result, we find Kappel's reliance on the language of section 2—616(d)(3) unpersuasive. Moreover, essential to the validity of a judgment by a trial court is the court's jurisdiction over the subject matter of the litigation and the parties to the proceeding. Absent a general appearance by a named party, personal jurisdiction may only be acquired by service of process in the manner directed by statute. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156, 1161.) The Code provides that service of process may be had either by summons (Ill. Rev. Stat. 1985, ch. 110, pars. 2—203, 2—204, 2—205) or by publication and mailing (Ill. Rev. Stat. 1985, ch. 110, par. 2—206). Any "judgment rendered without service of process, either by summons or by publication and mailing, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." *Thill*, 113 Ill. 2d at 308, 497 N.E.2d at 1161.

In the instant case, Kappel sued Barraco individually as the beneficial owner of land trust No. 75037. Section 2—203 of the Code establishes the method by which service of summons may be had upon an individual defendant. This section provides in relevant part:

> "(a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy thereof with the defendant personally or (2) by leaving a copy at the defendant's usual place of abode, with some person of the family, of the age of 13 years or upwards, and informing that person of the contents thereof, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode. The certificate of the officer or affidavit of the person that he or she has, sent the copy in pursuance of this section is evidence that he or she has done so." (Ill. Rev. Stat. 1983, ch. 110, par. 2—203(a).)

Neither section 2—203(a) nor any other provision of the Code renders a trustee of a land trust the agent of a beneficial owner of that trust for service of process purposes. Here, however, Kappel urges us to utilize the language of section 2—616(d)(3) to adopt a new rule of law which would waive the requirement of personal service of process on a beneficial owner of a land trust. Principles of common sense dictate that such a result would be untenable.

In Illinois, a land trust is an arrangement under which both legal and equitable title to real property is held by a trustee, and the interest of the beneficial owner is personal property. It is the owner of the beneficial interest who is accorded the right to possess, manage and physically control the real estate and to direct the trustee in all dealings concerning title to the real estate. (*Patrick v. Village Management* (1984), 129 Ill. App. 3d 936, 939, 473 N.E.2d 493, 495.) Clearly, a trustee of a land trust has no power over the real estate not expressly given to it by the beneficial owner. Were we to adopt Kappel's argument, we would place a trustee of a land trust, in this case the Bank, in the position of having to determine the identity of the proper defendants, assuming that the plaintiff will add these defendants as parties to the litigation, and then notifying the individuals concerned of the lawsuit by delivery of the summons and complaint to them. In effect, a trustee of a land trust would be responsible for service of process on a nonparty, beneficial owner of a land trust. The law is quite clear that a court does not obtain personal jurisdiction through service of process made upon a nonparty. We therefore believe that in order for a court to acquire personal jurisdiction over a defendant who is a beneficial owner of a land trust, the defendant must be personally served with process in accordance with the requirements of section 2—203(a) of the Code. (Ill. Rev. Stat. 1985, ch. 110, par. 2—203(a).) We further believe that it is the province of the legislature to provide for any additional methods by which service of process may be made on individual defendants.

As we have determined that the trial court did not gain jurisdiction over Barraco via service of process on the Bank, we lastly address the propriety of the trial court's dismissal with prejudice of Kappel's cause of action against Barraco. Pursuant to court order, Barraco was personally served with process approximately seven years after the filing of Kappel's amended complaint naming Barraco as a defendant. Barraco then filed his Rule 103(b) motion to dismiss Kappel's complaint against him for failure to exercise reasonable diligence in obtaining service of process after the expiration of the applicable limitations period.

Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. *If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal*

*shall be with prejudice.* In either case the dismissal may be made on the application of any defendant or on the court's own motion." (Emphasis added.) (107 Ill. 2d R. 103(b).)

The statutory purpose of Rule 103(b) is twofold: (1) to protect defendants from unnecessary delays in the service of process and (2) to prevent the vitiation and circumvention of the applicable limitations period. It is a plaintiff's burden to show that he has exercised reasonable diligence to obtain service of process on a defendant. The defendant, however, has no obligation to establish that he has been prejudiced by the delay of service. (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 287, 492 N.E.2d 1, 4.) Additionally, while each case must be analyzed and a decision reached on the facts present, Illinois courts have traditionally utilized six factors in evaluating Rule 103(b) dismissals. These six factors include: (1) the amount of time the plaintiff took to obtain service of process; (2) the efforts of the plaintiff to achieve such service; (3) the plaintiff's knowledge of the defendant's whereabouts; (4) the ease with which the defendant's location would have been determined; (5) the actual knowledge of the defendant concerning the pendency of the lawsuit; and (6) any special circumstances affecting the plaintiff's efforts to effectuate service of process. A Rule 103(b) motion is directed to the sound discretion of the trial court. As such, a court's determination will not be set aside on review absent a showing of an abuse of the court's discretion. *Nelson*, 142 Ill. App. 3d at 287, 492 N.E.2d at 4.

■ Here, Barraco was served with process, pursuant to court order, more than seven years after Kappel's action was filed and more than eight years after Kappel's injury occurred. Moreover, Kappel filed his amended complaint naming Barraco as a defendant on August 12, 1977, but did not attempt to initially serve Barraco until almost two years later. An alias summons was then attempted approximately one month later. Clearly, absent a satisfactory explanation, the delay in effectuating service of process on Barraco was unreasonable.

At the hearing on Barraco's Rule 103(b) motion to dismiss, Kappel presented no evidence to the court regarding any efforts to obtain service on Barraco other than the initial summons and one alias summons. Additionally, no evidence was presented as to why Barraco was never served with process other than Kappel's contention that because the Bank was served, service of process on Barraco was not required. Even if we assume that Kappel made some attempt to find and serve process on Barraco other than the initial summons and subsequent alias summons, it is evident that Kappel " 'did not make full or timely use of all available resources for determining *** [Barraco's]

whereabouts.' " *Nelson*, 142 Ill. App. 3d at 289, 492 N.E.2d at 5.

Kappel also argues that Barraco had actual knowledge of the lawsuit at the time that the Bank was served with process. We find no evidence in the record sufficient to support Kappel's contention that Barraco had actual knowledge of the lawsuit. However, even assuming that the record contains evidence sufficient to establish that Barraco possessed actual knowledge, such a factor is not dispositive of the issue of due diligence. Rather, it is merely one factor to be considered in assessing the propriety of granting a Rule 103(b) motion. (*Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 189, 406 N.E.2d 204, 207.) Under the circumstances present here, we find no abuse of discretion in the trial court's determination to dismiss Kappel's cause of action against Barraco with prejudice for lack of due diligence in obtaining service of process.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

McNAMARA, P.J., and FREEMAN, J., concur.