In re MARRIAGE OF DOROTHY GLUSZEK, Petitioner-Appellee, and ANDREW GLUSZEK, Respondent-Appellant.

First District (3rd Division)   No. 85—1110

Opinion filed April 13, 1988.

Paul E. Peldyak and Arvid C. Johnson, both of Chicago (Edward G. Krantz, of counsel), for appellant.

Beerman, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Howard A. London, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Respondent, Andrew Gluszek, appeals from those portions of a judgment for dissolution of marriage relating to the division of marital property. Andrew also appeals from an order awarding petitioner, Dorothy Gluszek, temporary maintenance and attorney fees and an order striking certain pleadings filed by Andrew and barring him from testifying at trial. On appeal, Andrew claims that (1) the trial court erred by ordering that the provision in the divorce decree for permanent maintenance be nonmodifiable; (2) the award of temporary maintenance is void for lack of personal jurisdiction; (3) the trial court abused its discretion in imposing discovery sanctions against him; (4) the trial court erred in overvaluing his business by $27,000; and (5) the trial court abused its discretion in awarding attorney fees to Dorothy's former attorney. We affirm.

The Gluszeks were married for approximately 29 years and have two children, both emancipated. At the time of the dissolution of their marriage, Andrew was 53 years old and in good general health. Andrew is employed by Chicago Rotoprint Company. Dorothy was 60 years old and had been unemployed since 1975. Dorothy is in poor health and suffers from arthritis, migraine headaches, allergies and an ulcer. Dorothy receives medical treatment for these ailments. The severity of these ailments, particularly the arthritis, prevents Dorothy from working in a factory, the only employment she is trained to do.

We initially note that the issue of whether the trial court erred by ordering that the provision for permanent maintenance be non-modifiable has been conceded in favor of Andrew. As a result we need not address the merits of this argument.

We first examine Andrew's contention that the trial court lacked personal jurisdiction to enter an award of temporary maintenance and attorney fees in Dorothy's favor.

Our review of the record reveals that Dorothy filed an emer-

gency petition for temporary relief on September 6, 1983. Andrew was served with notice of this motion. On the same date, the trial court entered an order granting Dorothy $150 a week in temporary maintenance and $300 in temporary attorney fees. Thereafter, Dorothy filed a petition for rule to show cause against Andrew for his failure to comply with the court order. On September 23, after Andrew was served with process, the court conducted a hearing on Dorothy's motion. Both Dorothy and Andrew appeared at the hearing and testified. At the conclusion of the hearing, the court entered an order which required, among other things, that Andrew pay $150 per week to Dorothy as temporary maintenance.

Andrew initially argues that the court's order of September 6, 1983, was void for lack of personal jurisdiction over Andrew. Andrew further argues that the orders entered by the trial court subsequent to the September 6, 1983, order dealing with maintenance and attorney fees are likewise void for lack of personal jurisdiction.

■■ Essential to the validity of any judgment by the trial court is the court's jurisdiction over the subject matter of the litigation and the parties to the proceeding. In the absence of a personal appearance by a named party, personal jurisdiction may only be acquired by service of process in the manner directed by statute. (*Kappel v. Errera* (1987), 164 Ill. App. 3d 673, 677.) Service of process may be obtained by either summons (Ill. Rev. Stat. 1985, ch. 110, pars. 2—203, 2—204, 2—205) or by publication and mailing (Ill. Rev. Stat. 1985, ch. 110, par. 2—206). Any " 'judgment rendered without service of process, either by summons or by publication and mailing, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings.' " *Kappel,* 164 Ill. App. 3d at 677, quoting *State Bank v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156, 1161.

■■ In the instant case, Andrew was not served with process until after September 9, 1983. As such, Andrew is correct in his assertion that the trial court lacked jurisdiction over his person at the time the September 6, 1983, order was entered. However, on September 23, the court conducted a hearing on Andrew's refusal to comply with the court's September 9 order. At that hearing, Dorothy and Andrew appeared in court and testified concerning the issues of temporary maintenance and attorney fees. The trial court then entered an order which required Andrew to pay temporary maintenance and temporary attorney fees. As Andrew was subject to the court's jurisdiction when this order was entered, the order was not

void merely because the hearing originated as a means of enforcing the September 9 order. To the contrary, once Andrew was properly before the court, the court possessed the authority to fashion any relief for Dorothy that it deemed appropriate. We, therefore, find no merit in Andrew's argument that the trial court lacked the authority to award Dorothy temporary maintenance. Moreover, we have considered the remaining arguments Andrew has raised concerning this issue and likewise find them to be without merit.

Andrew next argues that the trial court erred in striking his pleadings and barring his testimony for failure to comply with discovery. We disagree.

Our review of the record establishes that on October 26, 1983, Dorothy served Andrew with interrogatories. On November 15, 1983, Andrew tendered incomplete responses to Dorothy's interrogatories. Thereafter, Dorothy filed several petitions to compel Andrew to file complete responses to her interrogatories. The result of each hearing on these petitions was a court order requiring Andrew to provide appropriate responses. Andrew repeatedly failed to comply with the court's orders. Finally on September 4, 1984, by agreement of the parties, the court entered an order which directed Andrew to answer certain interrogatories dealing with finances of the parties within 10 days. The court also continued the case until September 26, 1984, for a hearing on Andrew's compliance with the order. At that hearing, it was disclosed to the trial court that Andrew had again failed to comply with the court's order. The court then issued a rule to show cause against Andrew, returnable on October 3, 1984.

On October 3, counsel for both parties again appeared before the trial court. At that time, Andrew's attorney informed the court that Andrew had nothing to add to the interrogatories. The court then advised Andrew that he was required to file a pleading to that effect and unless the interrogatories were answered by 5 that evening, sanctions would be imposed. On October 5, 1984, Andrew filed amended answers to Dorothy's interrogatories. These answers were likewise incomplete. On October 5, 1984, counsel for Dorothy appeared before the court pursuant to the court's order. Andrew and his counsel failed to appear. After being advised that Andrew had failed to comply with the court's order, the trial court entered an order striking Andrew's pleadings and barring his testimony at trial pursuant to Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)). Thereafter, at trial, the court asked Andrew if he had filed a motion to vacate the order barring his testimony. Andrew's attorney indicated that no motion had been filed. Andrew then participated in the trial.

Andrew essentially argues that the trial court erred in striking his pleadings and barring his testimony because his failure to comply with Dorothy's discovery requests "was not contumacious or an unwarranted disregard of the court's authority." We disagree.

■ Sanctions under Rule 219(c) are to be imposed only when the noncompliance of a party is unreasonable and the order entered is just. The standard for determining if the failure to comply with discovery is unreasonable is whether the offending party's conduct constitutes a deliberate and wilful disregard for the court's authority. (*In re Marriage of Kutchins* (1987), 157 Ill. App. 3d 384, 389-90, 510 N.E.2d 1300, 1304.) Once a trial court determines that there has been a refusal by a party to comply with discovery, the burden is on the noncomplying party to show that his refusal to comply is reasonable. *Kutchins*, 157 Ill. App. 3d at 390, 510 N.E.2d at 1304.

■ Here, we are confronted with extensive evidence concerning Andrew's failure to comply with discovery. Based on this evidence, we find no error in the trial court's imposition of sanctions. Andrew clearly exhibited behavior which at best could be termed unreasonable. Additionally, we have examined the other arguments raised by Andrew concerning this issue and find them to be without merit.

We next address Andrew's contention that the trial court erred in overvaluing his welding business by $27,000. We disagree.

■ "The basic premise underlying review of a trial judge's decisions regarding property division is that his judgment will not be disturbed in the absence of an abuse of discretion." (*In re Marriage of Hilkovitch* (1984), 124 Ill. App. 3d 401, 414, 464 N.E.2d 795, 802-03.) An abuse of discretion will be found only when no reasonable man would agree with the decision reached by the trial court. If reasonable men can disagree as to the propriety of the trial court's decision, then it cannot be said that the trial court erred. *Hilkovitch,* 124 Ill. App. 3d at 414, 464 N.E.2d at 803.

■ In the present case, Andrew purchased a welding business in 1978 for $30,000. Andrew testified that he sold the business at the end of 1984 for approximately $3,000. Andrew further testified that he lacked any business records predating 1984 because he only kept records for a year and then destroyed them. Andrew additionally stated that he had not filed any income tax returns since 1980. As a result, no documents were available which would indicate the welding business' income for this time period. Andrew also testified inconsistently concerning the business' gross receipts for 1984. At the conclusion of the trial, the court valued Andrew's business at $30,000. The court indicated that Andrew had lied about the business' 1984

gross income, which the evidence established was higher than Andrew had asserted. The trial judge stated:

"I find and conclude in the absence of any compelling credible and believable evidence to the contrary that the value of L & R Welding is now what it was when it was purchased in January of 1978, $30,000."

Under these circumstances, we believe that the trial court's valuation of Andrew's business was reasonable. We further believe that no useful purpose would be served by remanding this case for a redetermination of the value of Andrew's business.

■ This case presents a situation with which this court is all too often confronted. Despite the fact that numerous hearings were held and that only a limited amount of property was involved, Andrew refused to present the court with any solid evidence of the value of the welding business. As a result, the court was confronted with the task of assessing valuation based upon the evidence before it, limited as that may have been. It was Andrew's obligation to present the court with sufficient evidence of the value of the property. As a court of review, we cannot continue to reverse and remand dissolution cases where a party had an adequate opportunity to introduce evidence but failed to do so. A party should not be able to benefit on review from his failure to introduce evidence at trial. (*In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 54, 448 N.E.2d 545, 550.) "Remanding cases such as the one before us would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing." *Smith,* 114 Ill. App. 3d at 54-55, 448 N.E.2d at 550.

Andrew lastly argues that the trial court's award of attorney fees to Dorothy's former attorney was erroneous.

■ Section 508(c) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 508(c)) provides a trial court with the authority to grant attorney fees. Section 508(c) further provides that an attorney who is awarded such fees may enforce the court order in his name. (Ill. Rev. Stat. 1985, ch. 40, par. 508(c).) Moreover, an attorney who obtains fees pursuant to court order under section 508(c) is entitled to defend an appeal from the award of such fees. (107 Ill. 2d R. 301.) Therefore, the attorney must be served with a notice of appeal if his fee award is being challenged. 107 Ill. 2d R. 303(d).

The record reflects that Andrew never served a notice of this appeal on Dorothy's former attorney, Mr. Gilna. As such, we are unable to address Andrew's argument concerning the award of attorney fees

to Gilna. We therefore must dismiss this portion of Andrew's appeal. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.