*In re* MARRIAGE OF HARRIET E. THOMAS, Petitioner-Appellee, and MICHAEL THOMAS, Respondent-Appellant.

Third District    No. 3—92—0513

Opinion filed February 2, 1993.

Michael Null, of Chicago (Reed Lee, of counsel), for appellant.

Andich & Andich, of Rock Island (David W. Andich, of counsel), and H. Reed Doughty, of Nagle, Harris, Cook, Payson & Doughty, of Davenport, Iowa, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Respondent, Michael Thomas, appeals from the judgment of the circuit court of Rock Island County concerning the distribution of marital property made pursuant to a dissolution of marriage proceeding begun by petitioner, Harriet Thomas. Specifically, Michael contends that the trial court erred: (1) in finding that he had dissipated marital assets; (2) in valuing the family business; and (3) in awarding the family business exclusively to Harriet. For the reasons stated herein, we affirm the ruling of the circuit court.

The record shows that the parties were married on December 21, 1963. Not long after the marriage began, Michael formed a business known as Thomas Window and Cleaning Service which provided janitorial and office cleaning services. Harriet worked odd jobs at a driving school and post office. The parties had three children, one of whom was still a minor at the time of the dissolution proceeding.

Approximately eight years after Michael formed the janitorial business, it was incorporated as Executive Maintenance Corporation (Executive Maintenance). Michael, as president of the corporation, solicited accounts and supervised the work that was done. Harriet, as secretary, kept the books, ordered supplies and handled the paperwork involved in the business. Harriet owned 16 shares of corporate stock, and Michael owned 14 shares.

In the late 1980's the parties began to experience a breakdown of their marital relationship. As the marital relationship disintegrated, it became increasingly difficult for them to adequately perform their roles in the family business.

Harriet testified that she felt she could no longer work at the office when Michael was present. When Michael arrived at the office, she would leave, although she would occasionally take work home or return to the office later in the evening when Michael was not present. Harriet further testified that Michael stopped soliciting new accounts for Executive Maintenance and stopped supervising the work that was being done. Clients began to complain about the quality of the services they were receiving, and the corporation began to experience problems with making payroll and paying debts in a timely fashion.

Michael testified that he became concerned about the welfare of the business. He had the mail forwarded to his home rather than to the Executive Maintenance office. He took the checkbooks and checks from the office so Harriet could no longer write checks on the corporate account. Harriet testified that Michael sold assets of the corporation without consulting her or accounting to the corporation for the sale proceeds. She further testified that when she inquired about these matters, Michael told her that it was none of her business.

Several clients of Executive Maintenance testified that Michael approached them personally and told them that he and his wife were going through a divorce. He led these clients to believe that Executive Maintenance would cease to exist and then informed them that he would be forming a new company called J's Consolidated Services (J's) which could take over serving their office cleaning needs. He went so far as to enter into contracts with these clients on behalf of J's Consolidated Services.

Two accountants testified on behalf of Michael as to the value of Executive Maintenance. The first accountant testified that on December 31, 1989, the corporation was worth $128,000. The second testified that on July 30, 1990, the corporation's value had dropped to $74,756.

On August 8, 1990, a judgment of dissolution of marriage was entered. As to the issue of property division, the trial judge found that Michael had dissipated marital property to the extent of 50% of the value of Executive Maintenance. He further found that Executive Maintenance was worth $74,756 and awarded the business solely to Harriet.

Michael first argues on appeal that the trial court erred in finding that he dissipated marital assets.

Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act requires that the trial court divide the marital property in just proportions taking into consideration the relevant factors including the extent to which any party has dissipated the value of the marital assets. (Ill. Rev. Stat. 1991, ch. 40, par. 503(d).) Dissipation of marital assets occurs when a spouse uses marital property for his or her own benefit for a purpose unrelated to the marriage while the marriage is breaking down. (*In re Marriage of Bauer* (1985), 138 Ill. App. 3d 379, 485 N.E.2d 1318.) A spouse may dissipate marital assets even though he or she derives no personal benefit from the dissipation. (*In re Marriage of Petrovich* (1987), 154 Ill. App. 3d 881, 507 N.E.2d 207; *In re Marriage of Smith* (1984), 128 Ill. App. 3d 1017, 471 N.E.2d 1008.) A

finding of dissipation will not be reversed absent an abuse of discretion. *Smith*, 128 Ill. App. 3d 1017, 471 N.E.2d 1008.

■ In this case, Michael may not have gained a personal benefit from his acts against Executive Maintenance, but he did cause the corporation to become less profitable either through his inattention to the quality of service the corporation was supplying its clients or through his failure to solicit additional clients or through his outright stealing of clients for his new business. In *In re Marriage of Siegel* (1984), 123 Ill. App. 3d 710, 463 N.E.2d 773, the court found a dissipation of marital property when one party allowed the marital home to be foreclosed upon and sold at a judicial sale although that party could have easily prevented the sale. Causing or allowing the devaluation of the marital business is no less dissipation than allowing the devaluation of the marital home. Therefore, we find no abuse of discretion in the trial court's ruling that Michael had dissipated marital property.

Michael next argues that the trial court erred regarding its valuation of the marital business. We disagree.

■ Despite the fact that a closely held corporation is without established market value, it nevertheless possesses an ascertainable value with respect to the division of marital property. (*In re Marriage of Bauer* (1985), 138 Ill. App. 3d 379, 485 N.E.2d 1318.) The value of such a marital asset must be determined at the date of dissolution. (*In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252, 486 N.E.2d 267.) A party cannot benefit on review by its failure to introduce evidence of the value of marital property at trial. (*In re Marriage of Gluszek* (1988), 168 Ill. App. 3d 987, 523 N.E.2d 126.) A trial court's determination of the value of marital property will not be disturbed on appeal unless it was an abuse of discretion such that no reasonable person could agree with the decision reached by the court. *Gluszek*, 168 Ill. App. 3d 987, 523 N.E.2d 126.

In the case at bar, the trial court valued the business based on the testimony of Michael's accountant, who testified as to the value of the business as of the date of the dissolution. Having presented such evidence, Michael cannot now complain that the trial court erred in accepting it. Furthermore, we find that Michael had ample opportunity to present evidence concerning any goodwill associated with the business. This he failed to do. He cannot now claim this as the trial court's error. (See *In re Marriage of Gluszek* (1988), 168 Ill. App. 3d 987, 523 N.E.2d 126.) Accordingly, we find it unnecessary to decide whether the trial court improperly failed to take into account any goodwill of the business.

Lastly, Michael claims that the trial court erred in awarding the business exclusively to Harriet.

It is well settled that fair and equitable division of marital property under the Act does not require that the marital estate be split in equal proportions. (*In re Marriage of McMahon* (1980), 82 Ill. App. 3d 1126, 403 N.E.2d 730.) Rather, the Act requires only that the trial court divide the marital property in just proportions. (*In re Marriage of Carney* (1984), 122 Ill. App. 3d 705, 462 N.E.2d 596; see also *In re Marriage of Murphy* (1983), 117 Ill. App. 3d 649, 453 N.E.2d 113 (where this court found a 2-1 property ratio equitable).) The court is to consider all relevant factors which, in this case, include: the duration of the marriage; the value of the property set apart to each spouse; the relevant economic circumstances of each spouse; the amounts and sources of each spouse's income; the age, occupation, vocational skills, employability, and needs of each party; whether the apportionment is in lieu of or in addition to maintenance; and the reasonable opportunity for each spouse for future acquisition of assets and income. (Ill. Rev. Stat. 1991, ch. 40, par. 503(d).) Again, a reviewing court will not disturb the trial court's apportionment of property absent a showing of an abuse of discretion (*In re Marriage of Wentink* (1984), 132 Ill. App. 3d 71, 476 N.E.2d 1109) such that no reasonable person would take the view adopted by the court (*In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252, 486 N.E.2d 267).

■ Applying the above-mentioned principles to the present case, we find no abuse of discretion. We find nothing inequitable about the trial court's division of marital property. Harriet's share of the marital property amounted to $173,967; Michael's share was worth $95,336. Had Michael not allowed the business to lose half its value and had he been awarded that same half, his share would have been $170,092, nearly half the value of all the marital property. In addition, this court takes notice that this was a 26-year marriage, that no maintenance or child support was awarded to Harriet and that Michael has sources of income other than Executive Maintenance available to him while Harriet does not have any such other sources of income.

Further, it has been held that when the property at issue is a small business and the parties have shown that they cannot work together, it is better to award the business solely to one party or the other. (*In re Marriage of Sales* (1982), 106 Ill. App. 3d 378, 436 N.E.2d 23.) In this case, Michael and Harriet have shown that they cannot work together and Michael has dissipated the half of the business which might otherwise have been his. Therefore, we find no

abuse of discretion in the trial court's decision to award the business exclusively to Harriet.

Accordingly, the judgment of the circuit court of Rock Island County is hereby affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.