KARI KLEBE, Plaintiff-Appellant, v. ASHOK PATEL *et al.*, Defendants (John Psihos, Defendant-Appellee).

Second District   No. 2—92—0913

Opinion filed July 15, 1993.

Markham M. Jeep and Mark B. Peavey, both of Markham M. Jeep, P.C., of Waukegan, for appellant.

Michael K. Noonan, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Kari Klebe, appeals the circuit court's order dismissing her second amended complaint against defendant, John Psihos, with prejudice based on the statute of limitations. The court held that section 2—616 of the Code of Civil Procedure (735 ILCS 5/2—616(e) (West 1992)) did not save plaintiff's complaint because defendant, the contract purchaser of the property where plaintiff was injured, was not a land trust beneficiary within the meaning of that section. On appeal, plaintiff contends that the court erred in concluding that defendant was not a land trust beneficiary.

Plaintiff filed her initial complaint August 30, 1991, naming as defendants the Bank of Waukegan, as trustee under trust No. 1197 (the bank), and unknown owners.

The complaint alleged that plaintiff was injured on September 19, 1989, when she fell on a defective stairway at the Flamingo Inn Hotel in North Chicago. Plaintiff alleged that the bank, as trustee, held title to the premises and had been negligent in maintaining the stairway. The bank failed to answer, and the court entered an order of default against it.

On February 6, 1992, the bank revealed the names of the trust beneficiaries in the form of a draft protective order. This order does not appear in the record on appeal, and plaintiff states in her brief that it was never filed. Plaintiff states that the order disclosed Ashok Patel and Usha Patel as the beneficial interest holders. The draft order further stated that, at the direction of these beneficiaries, the bank had executed articles of agreement for a deed to the subject premises to John Psihos.

Plaintiff, with leave of court, filed an amended complaint naming Ashok Patel, Usha Patel and Psihos as defendants in lieu of the bank. On March 25, 1992, plaintiff filed a second amended complaint against the same parties expressly pleading reliance on the tolling provisions of section 2—616(e).

Defendant Psihos (hereafter defendant) filed a motion for summary judgment, contending that the complaint had not been filed within the two-year statute of limitations (735 ILCS 5/13—202 (West 1992)). Defendant contended that section 2—616(e) was inapplicable because he was not a beneficiary of the land trust.

Plaintiff filed a response to the motion which attached her own affidavit. In her affidavit, plaintiff alleged that on September 19, 1989, she was employed by John Walker as a painter at the Flamingo Inn; that she is familiar with defendant; that while she was working she observed defendant directing Walker with regard to the work they

were doing; and that on her first day of work Walker introduced defendant to her as the owner of the premises.

Following a hearing, the court granted defendant's motion. The court specifically found that defendant was not a beneficial owner of the premises. The court further found that there was no just reason to delay appeal of its order (see 134 Ill. 2d R. 304(a)). Plaintiff filed a timely notice of appeal.

■ On appeal, plaintiff concedes that she did not name Psihos as a defendant within the applicable two-year statute of limitations. She contends, however, that section 2—616(e) applies and renders her amended complaint timely. Section 2—616(e) provides:

> "A cause of action against a beneficiary of a land trust not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the cause of action arises from the ownership, use or possession of real estate, record title whereto is held by a land trustee; (2) the time prescribed or limited had not expired when the original action was commenced; (3) the land trustee of record is named as a defendant; and (4) the plaintiff proceeds with reasonable diligence subsequent to the commencement of the action to serve process upon the land trustee, to determine the identity of the beneficiary, and to amend the complaint to name the beneficiary as a defendant." 735 ILCS 5/2—616(e) (West 1992).

Defendant does not dispute that plaintiff complied with the four conditions of section 2—616(e). He contends, however, that he is not a "beneficiary" of the land trust as required by that section.

■ The Illinois land trust is a device by which title to real property is conveyed to a trustee, reserving to the beneficiary the full management and control of the property. The trustee agrees to deal with the trust *res* only at the beneficiary's direction. The beneficiary retains the power of direction to deal with the title, to manage and control the property, to receive proceeds from the sales, mortgages, and rentals of the property, and in general to exercise all rights of ownership, including possession, other than dealing with or holding the legal title. (*I M M Acceptance Corp. v. First National Bank & Trust Co.* (1986), 148 Ill. App. 3d 949, 954.) Unlike an ordinary trust, the trustee holds both legal and equitable title; the beneficial interest is considered personal property. *First Federal Savings Bank v. Drovers National Bank* (1992), 237 Ill. App. 3d 340, 345.

■ Outside the land trust context, a contract purchaser of property becomes the equitable owner upon execution of the installment contract. (*Conner v. First National Bank & Trust Co.* (1982), 108 Ill. App. 3d 534, 538.) Thus, the contract purchaser becomes the owner for purposes of tort liability. (*Anderson v. Cosmopolitan National Bank* (1973), 54 Ill. 2d 504, 508.) In *I M M Acceptance*, this court recognized that the land trust beneficiary is the true owner of the property for many purposes. The court stated: "Title refers only to a legal relationship to the land, while ownership is comparable to control." *I M M Acceptance*, 148 Ill. App. 3d at 954.

■ Under the rules expressed in *Conner, Anderson*, and *I M M Acceptance*, there is little question that defendant Psihos was the "owner" of the subject property. The record before the trial court demonstrated that, as the contract purchaser, defendant had the right to complete management and control of the premises. Plaintiff's affidavit shows that he was in fact in possession and control of the premises at the time. *I M M Acceptance* stands for the principle that courts will look to the substance of the parties' relationships to each other and to the property rather than the labels they give to their transactions and relationships. Under his contract with the Patels, defendant had all the rights of the beneficial interest holder, except possibly the power of direction. If he complied with the contract, he would receive a deed. Neither the Patels nor the bank had any discretion.

Under these circumstances, it would be a triumph of form over substance to hold that defendant was not the "beneficiary" within the meaning of section 2—616(e). This interpretation is consistent with the purpose of the statute.

We have not been cited, nor has our research disclosed, any cases interpreting section 2—616(e) in this context. However, the primary purpose of statutory construction is to discern and effectuate the intention of the legislature. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 194.) Subsection (e) was added to the statute in 1987. (Pub. Act 85—907, eff. November 23, 1987 (amending Ill. Rev. Stat. 1987, ch. 110, par. 2—616).) The amendment was intended to remedy the injustice which sometimes resulted from the inability of a plaintiff who was injured on land held in a land trust to identify the beneficiary prior to the running of the statute of limitations. (Ill. Ann. Stat., ch. 110, par. 2—616, Historical & Practice Notes, at 81 (Smith-Hurd Supp. 1992), citing *Foster v. Leong* (1985), 139 Ill. App. 3d 492 (plaintiffs at an "inherent procedural disadvantage" in filing suit against land trust beneficiaries).) Thus, giving a broad construction to the term "beneficiary" is consistent with the remedial purpose of the

statute. To read the statute narrowly, as defendant does, would eviscerate the statute. Any party to a real estate transaction involving property held in a land trust could effectively insulate himself from liability by executing an agreement for deed or some other instrument rather than an assignment of the beneficial interest. It is unlikely that the legislature intended such a result.

Defendant relies solely on *Patrick v. Village Management* (1984), 129 Ill. App. 3d 936, a case decided prior to the enactment of section 2—616(e). That case is distinguishable.

*Patrick* was decided under the more stringent standards of section 2—616(d), the only relation-back provision then in existence. The court held that a contract purchaser was not the beneficiary of the trust, but became the equitable titleholder. Under the facts presented, the court found that the sellers, the named beneficiaries, had not surrendered their beneficial interest in the property. *Patrick*, 129 Ill. App. 3d at 940.

We believe the legislature enacted section 2—616(e) precisely to change the result in cases such as *Patrick*. Reading the statute narrowly to exclude contract purchasers such as the defendant in *Patrick* would defeat this legislative intention. Moreover, the facts of the present case support the conclusion that the Patels did surrender their beneficial interest. Psihos had complete management and control of the premises and had an absolute right to a deed as long as he complied with the contract. The Patels did not retain any of the incidents of beneficial ownership.

Defendant further contends that plaintiff's affidavit shows that she was aware of his interest in the property at the time of her accident and therefore was not justified in waiting until after the running of the statute of limitations to name him as a defendant. We are unpersuaded by this argument. It is undisputed that the agreement for deed was not recorded. Therefore, after plaintiff had been introduced to defendant as the "owner" of the premises and a title search revealed only that the property was held in trust by the bank, plaintiff would have been justified in assuming that defendant was in fact the beneficiary of the trust and relying on the provisions of section 2—616(e) to await confirmation of that fact. Had plaintiff initially named Psihos as a defendant and her assumptions proved wrong, she might well have been liable for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) for filing a false pleading without adequate investigation.

In summary, we hold that the court erred in concluding that Psihos was not a beneficiary of the land trust and dismissing plaintiff's complaint on that basis.

For the foregoing reasons, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and COLWELL, J., concur.