**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180754-U

Order filed February 13, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| JOAN SERDAR, | ) | Will County, Illinois |
| | ) | |
| Petitioner-Appellee, | ) | Appeal No. 3-18-0754 |
| | ) | Circuit No. 14-D-881 |
| and | ) | |
| | ) | |
| RICHARD SERDAR, | ) | Honorable |
| | ) | Kenneth L. Zelazo |
| Respondent-Appellant. | ) | Judge, Presiding |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Justices McDade and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1       *Held*:   Trial court did not err when it ordered husband to pay wife's attorney fees and costs as sanctions for his misconduct during their dissolution of marriage trial.

¶ 2       The trial court ordered respondent Richard Serdar to pay $91,110 for petitioner Joan Serdar's attorney fees and costs due to his improper behavior during the parties' dissolution of marriage proceedings. He appealed. We affirm.

¶ 3                                                        FACTS

¶ 4        Petitioner Joan Serdar and respondent Richard Serdar were married in 1992 and two children were born during the marriage. Joan filed a petition for dissolution of marriage in May 2014. Following the close of evidence, Joan filed a motion to reopen the proofs, alleging that Richard committed perjury regarding his earnings and assets. The trial court granted Joan's motion and a second trial took place.

¶ 5        At the second trial, Joan filed a motion to strike Richard's pleadings and for sanctions under Illinois Supreme Court Rule 219(c) (eff. July 1, 2002). The court entered a parenting allocation judgment in February 2017 and the judgment for dissolution of marriage in November 2017. In the dissolution judgment, the trial court made the following findings: Richard consistently violated discovery rules; failed to accurately complete his financial affidavit; failed to disclose bank accounts, various work he performed and money owed him as a result of the work; and did not maintain and produce various documents regarding work performed as required for his court-ordered job log. The court further found Richard acted in bad faith when he failed to disclose work he performed as a subcontractor or various impediments, such as fines and liens, that prevented him from obtaining certain work, and did not pay off the financial impediments to his obtaining work contracts; and when he failed to maintain his job skills and certification, and to maximize his income. In addition, the court found Richard consistently was paid cash for work and failed to disclose it for tax purposes. The court further found Richard evaded his child support obligations. The trial court divided the marital estate, granted Joan custody of the parties' children and ordered Richard to pay child support and child support arrearages.

¶ 6        The judgment of dissolution further provided that the court denied Joan's petition to strike Richard's pleading but granted the petition regarding her request for attorney fees and costs. The court granted Joan 28 days to file a fee petition pursuant to Rule 219 and section 508(b) of the

Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/508(b) (West 2016)). The proceedings continued for resolution of the petitions for attorney fees filed by Joan and Richard against each other and a petition for payment of attorney fees and for contribution filed by Richard's trial attorney. Hearings took place on the petitions and the trial court denied Richard's request for interim and prospective attorney fees. The court ordered Richard to pay Joan $91,110 in attorney fees and for sanctions. It also ordered him to pay his attorney fees of $113,478.30. Richard appealed the judgment of dissolution and this court affirmed the trial court in an unpublished order entered in August 2019. See *In re Marriage of Serdar*, 2019 IL App (3d) 170821-U. Richard moved for reconsideration and his motion remains pending. He appealed the court's decision regarding Joan's petition for attorney fees and sanctions. We affirm.

¶ 7                                            ANALYSIS

¶ 8        On appeal, Richard argues that the trial court erred in granting Joan's petition for attorney fees and sanctions. He maintains that the trial court went beyond the scope of the judgment of dissolution in awarding the fees and awarded fees that were speculative and not reasonable or necessary.

¶ 9        A court may impose significant penalties and sanctions where a party intentionally or recklessly files an inaccurate or misleading financial affidavit. 750 ILCS 5/501(a)(1) (West 2016). The sanctions may include costs and attorney fees. *Id.* The trial court shall order the payment of reasonable attorney fees and costs to the prevailing party where the court finds the other party failed to comply with a discovery order or judgment without compelling cause or justification. 750 ILCS 5/508(b) (West 2016). Where noncompliance concerns a discovery order, noncompliance is presumed to be without compelling cause or justification but may be rebutted by clear and

3

convincing evidence. *Id.* Improper purposes include, without limitation, harassment, unnecessary delay or other acts that needlessly increase the cost of litigation.

¶ 10 The court may sanction a party for failing to comply with its orders or the supreme court rules, including ordering the payment of the other party's reasonable attorney fees. Ill. S. Ct. R. 219(c) (eff. July 1, 2002). A Rule 219(c) sanction requires the trial court to specify the reasons and basis for the sanction imposed. *Id.* Rule 219(c) sanctions should only be imposed when the party's noncompliance is unreasonable and the entered order is just. *In re Marriage of Glusek*, 168 Ill. App. 3d 987, 992 (1988). The party that is sanctioned for Rule 219(c) noncompliance bears the burden of establishing by affidavit or other means that extenuating circumstances justified the failure to comply with the court's discovery order. *Harris v. Harris*, 196 Ill. App. 3d 815, 823 (1990).

¶ 11 To determine whether a trial court erred in imposing sanctions for a discovery violation, this court considers the following factors: "(1) the surprise to the adverse party; (2) the prejudicial effect of the proffered testimony or evidence; (3) the nature of the testimony or evidence; (4) the diligence of the adverse party in seeking discovery; (5) the timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence." *Peal v. Lee*, 403 Ill. App. 3d 197, 203 (2010). This court reviews a trial court's determination regarding sanctions and the award of attorney fees for an abuse of discretion. *Locasto v. City of Chicago*, 2014 IL App (1st) 113576, ¶ 26.

¶ 12 In ruling on Joan's motion, the trial court found that Richard failed to follow the supreme court rules and multiple court orders; filed inaccurate and misleading discovery documents; did not comply with discovery; unreasonably and without cause challenged Joan's requests to admit;

4

and engaged in actions and conduct constituting noncompliance without compelling cause or justification. The record supports its findings.

¶ 13    The examples of Richard's misconduct are many. The trial court did not set forth specific examples in support of its finding, but the record contains evidence of the numerous violations that together establish Richard's sanctionable conduct. For example, Richard's discovery violations are documented by at least 10 Illinois Supreme Court Rule 201(k) letters from Joan's counsel seeking compliance with Joan's discovery requests. Ill. S. Ct. R. 201(k) (eff. July 30, 2014). Richard provided inaccurate financial affidavits, which ultimately resulted in the trial court reopening proofs and conducting a second trial on the newly discovered evidence. He did not maintain an accurate job log as mandated by the trial court and destroyed evidence documenting his employment. He failed to disclose his actual income. He, without cause, objected to Joan's request to admit the genuineness of documents.

¶ 14    At the hearing on Joan's sanction petition, the trial court stated that it had considered Joan's pleadings, including the substantial documentation in support of her petition for attorney fees, and Richard's response and affirmative defenses, including his claim that he acted on his attorney's advice and relied on counsel's representations regarding discovery. Although Richard denied the majority of Joan's allegations, he failed to present evidence supporting that his conduct was not in violation of the rules and court orders. The submissions by Joan in support of her fee petition documented the time her attorney spent in response to Richard's misconduct and counsel testified extensively regarding how she separated her work in furtherance of Joan's case and that which was required to counter Richard's improper actions. The trial court disallowed nearly half of the requested fees, indicating that it considered what fees were reasonable and necessary. The trial court further found the hourly rate charged by Joan's counsel was reasonable. We find the trial

court did not err in awarding Joan $91,110 in attorney fees, including $28,440 for legal services and costs related to reopening proofs, $41,790 for additional trial proceedings once proofs were reopened and $20,880 for enforcement of court orders.

¶ 15                                                    CONCLUSION

¶ 16            For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 17            Affirmed.