ELIZABETH DILLIE, Plaintiff-Appellee, v. KELLY LEE BISBY et al., Defendants-Appellants.

Third District   No. 3—85—0391

Opinion filed August 27, 1985.

Max D. Cartwright, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellant Kelly Lee Bisby.

Robert T. Park, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island, for appellants Dianne J. Verschoore and Scott Verschoore.

Lousberg & McClean, of Rock Island, for appellant Harry C. Plowman.

Peter D. Kaskin, Philip J. Nathanson, and Shepard Gould, all of Kaskin & Nathanson, of Chicago, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

In this personal injury action, the defendants filed motions to dismiss with prejudice because of the plaintiff's failure to exercise due diligence in obtaining service of process after the statute of limitations had run. (Supreme Court Rule 103 (87 Ill. 2d R. 103).) The plaintiff filed a motion for voluntary dismissal. The plaintiff's motion was granted, and the defendants' motions were denied.

On appeal to this court, we held that the orders granting the motion for voluntary dismissal and denying the motion to dismiss were not final or appealable. (*Dillie v. Bisby* (1984), 121 Ill. App. 3d 559.) Our Supreme Court reversed, finding that an order granting a motion for voluntary dismissal is appealable. (*Dillie v. Bisby* (1985), 106 Ill. 2d 487.) The cause has been remanded for further proceedings on the merits.

At issue is whether a plaintiff has an absolute right to a voluntary dismissal prior to trial or hearing where a motion to dismiss with prejudice pursuant to Supreme Court Rule 103(b) is pending. The trial court granted the plaintiff's motion for voluntary dismissal apparently believing it had no discretion to do otherwise.

The plaintiff had failed to obtain service of process on the defendants until 10 months after the statute of limitations had run. The defendants filed a motion to dismiss with prejudice pursuant to Rule 103(b). By invoking sections 2—1009 and 13—217 of the Code of Civil Procedure, the plaintiff was able to obtain a dismissal without prejudice and had one year within which to refile her action. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1009, 13—217.) Thus, the plaintiff has circumvented the sanction of Rule 103(b) and has avoided the consequences of a claim of lack of diligence.

Section 13—217 has been interpreted as providing for an absolute right to refile following a voluntary dismissal. Yet the combined effect of sections 2—1009 and 13—217 is to nullify Supreme Court

Rule 103(b). Accordingly, we find that the trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion. Since the trial court did not exercise any discretion in this matter, we remand the cause to the circuit court of Rock Island County for further proceedings consistent with this opinion.

Cause remanded.

SCOTT and STOUDER, JJ., concur.