PATRICIA GATTO, Plaintiff-Appellant, v. ALMA NELSON, Defendant and Third-Party Plaintiff (John Class *et al.*, Third-Party Defendants and Defendants-Appellees).

First District (4th Division)   No. 84—3103

Opinion filed March 13, 1986.—Rehearing denied May 2, 1986.

James N. Karahalios, of Chicago, for appellant.

Clifford P. Mallon, of Chicago (William G. Ferstel and Robert T. Guilfoyle, of counsel), for appellees.

JUSTICE McMORROW delivered he opinion of the court:

Plaintiff, Patricia Gatto, appeals from the order of the circuit court of Cook County dismissing with prejudice her complaint against defendants John Class, Debbie Class and Timothy Gallagher under Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)) for her failure to exercise reasonable diligence to obtain service of summons on defendants prior to the expiration of the statute of limitations. Plaintiff contends that the court abused its discretion in dismissing her action with prejudice and that defendants waived their objection to her alleged lack of diligence. We affirm.

Plaintiff was allegedly injured in an automobile accident which occurred on May 18, 1979. On May 13, 1981, shortly before the two-year statute of limitations expired, plaintiff filed a complaint for personal injuries and property damage against Alma Nelson, who was the owner and operator of one of the other two vehicles involved in the accident, Timothy Gallagher, who was the operator of the second vehicle, and John Class and Debbie Class, who were the owners of the vehicle that Gallagher was driving. Alma Nelson was personally served with summons on May 20, 1981. She filed her appearance and answer to the complaint on August 17, 1981.

The initial summons for John Class and Debbie Class, whose address was given as 405 Jefferson Court, Wheeling, Illinois, was returned "NOT FOUND" on June 3, 1981, after four attempts at ser-

vice. An alias summons subsequently taken out for service at the same address was returned "NOT FOUND" on July 14, 1981, after four attempts at service. The initial summons for Timothy Gallagher, whose address was given as 8701 Lowell, Overland Park, Johnson County, Kansas, was returned unserved on July 10, 1981, by a deputy sheriff of Johnson County, Kansas, after eight attempts at service. An alias summons, apparently taken out for service at the same address, was returned unserved on August 24, 1981, after 10 attempts at service. Plaintiff's counsel did not cause any additional service to be issued for any of the three unserved defendants until August 31, 1983, which was more than two years after the last alias summons had been returned unserved.

In a letter dated May 18, 1982, plaintiff's counsel informed counsel for defendant Alma Nelson that numerous attempts at service had been made upon the three unserved defendants. The letter continued:

"While your suggestion that the other defendants be served is appreciated, since you feel that they are 'culpable,' please feel free to file a third party action against them and attempt to serve them yourself—I hope you have a better success than I have had to date."

On November 29, 1982, Alma Nelson filed a third-party action for contribution against John Class, Debbie Class and Timothy Gallagher. Gallagher was personally served with summons on January 23, 1983, at 142 South Winston Drive, Palatine, Illinois. The third-party defendants were given leave to file their appearance and their answer to the action on March 9, 1983.

On May 11, 1983, defendants John Class, Debbie Class and Timothy Gallagher filed motions to dismiss plaintiff's complaint under Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)) for lack of diligence in obtaining service and to extend the time for discovery. The motions were mailed to plaintiff's counsel on April 19, 1983. On May 12, 1983, the pretrial judge assigned the motion to dismiss to Judge O'Brien for hearing and continued the pretrial to September 1, 1983. On August 30, 1983, defendants' counsel notified plaintiff's counsel by mail that he was going to appear before Judge O'Brien on September 9, 1983, and move for an immediate hearing on his previously filed motion to dismiss. On August 31, 1983, plaintiff's counsel caused another alias summons to be issued for all three unserved defendants. The summons listed Timothy Gallagher's address as 8701 Lowell, Overland Park, Kansas, and the Classes' address as 830 Corey Lane, Wheeling, Illinois. On September 1, 1983, plaintiff's counsel notified defendants' counsel by mail that he was going to move for the appointment of a

special process server to serve defendants. On September 2, 1983, an alias summons for Timothy Gallagher was served on the Secretary of State of Illinois because, at the time of the accident, Gallagher was a nonresident motorist. Notice of substituted service was sent to Gallagher's Overland Park, Kansas, address. On September 9, 1983, Judge O'Brien entered an agreed order to appoint a special process server and to continue defendants' motion to dismiss to September 29, 1983. The special process server personally served Timothy Gallagher and John Class on September 11, 1983, and effected abode service on Debbie Class on September 16, 1983. The affidavit of service did not indicate where Gallagher and John Class were served; the abode service on Debbie Class was effected at 1434 South Busse Road, Apartment 1D, Mount Prospect, Illinois.

On September 29, 1983, Judge O'Brien granted defendants' motion to dismiss plaintiff's complaint with prejudice. On October 28, 1983, Judge O'Brien denied plaintiff's motion to vacate the order of dismissal. On December 3, 1984, Judge O'Brien entered a new order, dismissing with prejudice plaintiff's complaint, in which he found that there was no just reason for delaying enforcement of or appeal from the order. This appeal follows.

I

Plaintiff initially contends that the trial court abused its discretion in dismissing her action with prejudice pursuant to Supreme Court Rule 103(b). We disagree.

Supreme Court Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 87 Ill. 2d R. 103(b).

■ Rule 103(b) is intended to protect defendants from unnecessary delays in the service of process and to safeguard against the undermining and circumvention of statutes of limitation. (*Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188, 406 N.E.2d 204.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service; the defendant need not establish that he has been prejudiced by the delay. (85 Ill. App. 3d 186, 188, 406 N.E.2d 204.)

Although each case must be decided on its own particular facts and circumstances, six factors commonly have been used in evaluating dismissals under Rule 103(b): (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) actual knowledge by the defendant of the pendency of the action; and (6) special circumstances affecting plaintiff's efforts. (85 Ill. App. 3d 186, 188-89, 406 N.E.2d 204.) The motion is addressed to the sound discretion of the trial court, and the court's determination will not be disturbed on appeal absent a showing of an abuse of discretion. 85 Ill. App. 3d 186, 189, 406 N.E.2d 204.

■ Here, defendants were served more than 27 months after plaintiff's action was filed and more than 52 months after the date of the accident. There was a delay of more than two years between the date on which the Johnson County, Kansas, sheriff's office returned the summons for Timothy Gallagher unserved and the date on which plaintiff's counsel took out an additional alias summons for the unserved defendants, which, in turn, was more than five months after defendants filed their appearance and answer in the contribution claim filed against them by Alma Nelson. In the absence of a satisfactory explanation, the delay in effecting service on defendants clearly was unreasonable. See *Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204; *Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 377 N.E.2d 1043; *Pisciotto v. National Heater Co.* (1974), 21 Ill. App. 3d 73, 315 N.E.2d 121.

At the September 29, 1983, hearing on defendants' motion to dismiss, plaintiff's counsel presented no evidence of any efforts he had undertaken to serve defendants between August 1981 and August 1983. While counsel offered to submit an affidavit from his special process server setting forth his attempts to locate defendants before they ultimately were served, no such affidavit was ever filed. The record fails to support plaintiff's assertion in her brief that she had sought to obtain defendants' addresses from defendants' insurance company or from counsel for Alma Nelson.

In the motion to vacate the order of dismissal, plaintiff's counsel averred that his law clerk had tried to find defendants by checking telephone directories for the Chicago metropolitan area and Kansas, and by calling directory assistance for various cities in Illinois and Kansas. We note, however, that the motion to vacate did not include an affidavit from counsel's law clerk, nor did it indicate when these

inquiries were made. Counsel averred further that after defendants were served in the third-party action brought by Alma Nelson, he checked the addresses given for defendants and with the local post offices only to discovery that defendants had moved. Counsel's affidavit, however, did not establish how soon after Gallagher was served on January 23, 1983, he investigated the addresses. The record is devoid of any evidence as to when plaintiff's counsel retained the services of a private investigator to locate defendants. Counsel's assertion in his brief that he acted with reasonable diligence in trying to serve defendants is not only unsupported by the record, but also is contradicted by the letter that he wrote to counsel for Alma Nelson in May 1982 in which he indicated that he had abandoned his efforts to serve the remaining defendants.

Even assuming that plaintiff made some attempt to find and serve defendants between August 1981 and August 1983, it is apparent that she "did not make full or timely use of all available resources for determining the defendant's whereabouts." (*Curtis v. Pekin Insurance Co.* (1982), 105 Ill. App. 3d 561, 565, 434 N.E.2d 555; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) Moreover, plaintiff's counsel offered no explanation whatsoever for his failure to serve Timothy Gallagher, a nonresident motorist at the time of the accident, through substitute service of process with the Illinois Secretary of State under the Illinois Vehicle Code. Ill. Rev. Stat. 1981, ch. 95½, par. 10–301; *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665; *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510.

In the motion to vacate, plaintiff's counsel averred that prior to actual service on defendants, plaintiff "had no other knowledge of the location of those Defendants" The motion, however, was not supported by an affidavit from plaintiff herself. Moreover, her counsel made no representation in the motion to vacate regarding his own knowledge of defendants' whereabouts.

Plaintiff also argues that defendants' locations could not have been determined with ease. In support of this argument, plaintiff asserts that she attempted to serve the defendants with an original and two alias summonses, all at separate locations. The record indicates otherwise. Both the initial summons and the first alias summons for John Class and Debbie Class were taken out for service at the same address, 405 Jefferson Court, Wheeling, Illinois. The first alias summons was returned "NOT FOUND" on July 14, 1981. Plaintiff's counsel did not cause any additional service to be issued for either John Class or Debbie Class until August 31, 1983, which was more than

two years later. The initial summons for Timothy Gallagher listed his address as 8701 Lowell, Overland Park, Kansas. This summons was returned unserved on July 10, 1981, by a deputy sheriff of Johnson County, Kansas. An alias summons was returned unserved on August 24, 1981, by another Johnson County deputy sheriff. In her answer to defendants' motion to dismiss, plaintiff represented that this second summons was for a newly obtained address. In an affidavit signed by plaintiff's counsel on September 2, 1983, however, Timothy Gallagher's last known address was given as 8701 Lowell, Overland Park, Kansas. It would appear, therefore, that plaintiff's initial attempts to serve defendants were all directed to the same addresses.

As a nonresident motorist at the time of the accident, Timothy Gallagher could have been served through substitute service of process with the Illinois Secretary of State under the Illinois Vehicle Code. (Ill. Rev. Stat. 1981, ch. 95½, par. 10—301.) Plaintiff did not resort to this method of service until September 2, 1983, which was more than two years after the last alias summons was returned unserved. While the record does not indicate the ease with which the other unserved defendants' locations could have been determined, plaintiff's counsel could have requested information on the unserved defendants' addresses from the attorney representing codefendant Alma Nelson. Plaintiff's counsel also could have used the tools of discovery to ascertain defendants' whereabouts. See *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 377 N.E.2d 1010.

In her brief, plaintiff asserts that all of the defendants were aware of her claims against them as early as one month after the accident occurred. Again, we find that the record does not support plaintiff's assertion.

■ It appears that both Alma Nelson's vehicle and the Classes' vehicle (which was driven by Gallagher) were insured by Allstate Insurance Company. Allstate's representatives corresponded occasionally with plaintiff's counsel regarding the accident and settled plaintiff's property damage claim in June 1979. There is not a scintilla of evidence in the record, however, that any of the three unserved defendants actually knew of the pendency of the action against them until the only defendant who had been served filed a claim for contribution against them in November 1982. In any event, a defendant's actual knowledge of the pendency of the action is only one factor to be considered. (*Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 189, 406 N.E.2d 204.) Such knowledge does not prevent the lawful exercise of the trial court's discretion to dismiss the action when it finds based upon all the circumstances that there was a lack of reasonable dili-

gence. (85 Ill. App. 3d 186, 189, 406 N.E.2d 204.) Actual knowledge by defendants is not itself sufficient to require reversal of a dismissal under Rule 103(b). (*Faust v. Michael Reese Hospital & Medical Center* (1978), 61 Ill. App. 3d 233, 238, 377 N.E.2d 1043.) Contrary to the suggestion in plaintiff's brief, it is immaterial whether defendants were prejudiced by the delay in service. See *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188, 406 N.E.2d 204.

Finally, plaintiff maintains that there were special circumstances which affected her efforts to serve defendants. In the motion to vacate the order of dismissal, plaintiff's counsel averred that, upon hiring a private investigator to locate the defendants, it was discovered that John Class and Debbie Class had obtained a divorce, that Debbie Class was hiding from her former husband and was living with a male companion, and that the male companion's name was the only name appearing on all records and locations. We note, however, that plaintiff's counsel failed to submit an affidavit from his investigator to authenticate these averments. Moreover, the motion to vacate did not establish when the Classes were divorced, when Debbie Class went into hiding from her former husband, or what records and locations were checked. In our judgment, these unsubstantiated representations fell far short of what is necessary to establish special circumstances.

■ In the motion to vacate the order of dismissal, counsel also claimed that defendants' conduct lulled him into a belief and a feeling of security that defendants had appeared in this case and were participating in a possible settlement and resolution thereof. There is no evidence in the record which establishes that the unserved defendants had entered into settlement negotiations. Nor do we find any evidence to support counsel's claim that he was lulled into a feeling of security by defendants' participation in this case. Defendants filed their motion to dismiss on the same date that they filed their motion for an extension of time for discovery. The motion to dismiss was filed barely two months after the defendants filed their appearance and their answer to the third-party action brought by Alma Nelson and four months before they were served by plaintiff. The authority cited by plaintiff, *Farthing v. Natural Gas Pipeline Company of America* (1979), 74 Ill. App. 3d 958, 393 N.E.2d 683, is readily distinguishable. In *Farthing*, the defendant participated in a consolidated, companion case for a period of several years before making a motion to dismiss. Here, defendants filed their motion to dismiss at the earliest opportunity. We have examined plaintiff's other authorities and find them to be distinguishable on their facts.

Based upon our review of the applicable factors in determining

whether plaintiff exercised reasonable diligence in attempting to obtain service on defendants, we are unable to conclude that the trial court's dismissal of her action with prejudice constituted an abuse of discretion.

## II

Plaintiff next contends that defendants waived their objection to her lack of diligence. We disagree.

■ A defendant may waive his objection to an unreasonable delay in obtaining service by actively participating in the defense of the action on its merits without raising any defense under Rule 103(b) in the initial stages of the litigation. (See *Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 702-04, 396 N.E.2d 586, and the cases cited therein.) We find no evidence of waiver in the case at bar. As we have noted, defendants filed their motion to dismiss plaintiff's action only two months after they filed their appearance and answer to the third-party action of their codefendant, Alma Nelson, and four months before they were served by plaintiff.

■ Citing Rule 2.3 of the circuit court of Cook County, plaintiff also argues that defendants' motion to dismiss should have been denied because the motion was not called for a hearing within 90 days from the date on which it was filed. In reviewing this argument, we observe that on September 9, 1983, Judge O'Brien entered an agreed order continuing defendants' motion to dismiss to September 29, 1983, on which date the motion was granted. Having agreed to a continuance of the hearing on defendants' motion, plaintiff will not be heard to complain that the hearing was untimely.

For the foregoing reasons, the order of the circuit court of Cook County dismissing with prejudice plaintiff's action against defendants John Class, Debbie Class and Timothy Gallagher under Supreme Court Rule 103(b) for failure to exercise reasonable diligence to obtain service of summons on defendants prior to the expiration of the statute of limitations is affirmed.

Affirmed.

LINN, P.J., and JIGANTI, J., concur.