CHARLES PENROD, Plaintiff-Appellant, v. SEARS, ROEBUCK & COMPANY, Defendant-Appellee.

Fourth District   No. 4—86—0348

Opinion filed December 4, 1986.—Rehearing denied January 6, 1987.

Danz & Kleczek, P.C., of Peoria (Andrew J. Kleczek, of counsel), for appellant.

Davis & Morgan, of Peoria (John C. Mulgrew, Jr., of counsel), for appellee.

JUSTICE MORTHLAND delivered the opinion of the court:

On November 9, 1984, the plaintiff filed a complaint in the circuit court of Vermilion County alleging that he was injured as a result of a fall on November 10, 1982, in a store owned by defendant, Sears, Roebuck & Company. Attached to the original complaint was the following:

"TO THE CLERK OF THE CIRCUIT COURT

Please issue summons to be served upon:

Richard Robinson
SEARS, ROEBUCK & CO.
Sears Tower
3/766 BSC 44—28
Chicago, Illinois 60684."

The clerk did not issue summons as requested. Plaintiff called the clerk's office in March of 1985 and was advised that no summons had issued. Plaintiff again called the clerk's office before June 4, 1985, and was told that he should prepare a summons and send it to the clerk. This was done on June 4, 1985. The summons was never returned by the clerk. An alias summons was prepared by the plaintiff on July 3, 1985, issued by the clerk on July 8, 1985, and served by the sheriff of Cook County on July 19, 1985.

The defendant, on July 30, 1985, filed a motion to dismiss plaintiff's complaint premised upon Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)). That rule reads as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

The defendant's motion was allotted for hearing on August 22, 1985. The plaintiff, on August 15, 1985, filed his motion for voluntary

dismissal pursuant to section 2—1009 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). That section reads:

> "Sec. 2—1009. Voluntary dismissal. (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause." Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.

The plaintiff gave notice to the defendant that he would ask that his motion be heard on the same day the defendant's motion to dismiss was to be heard.

The defendant then filed a motion to determine priority of hearing between the two motions. The trial court was unable to hear the motions on August 22, 1985, and all pending motions were then scheduled for hearing on September 13, 1985, at 1:30 p.m. On that date the trial court granted plaintiff's motion and dismissed his cause without prejudice. The docket entry on that date also states "motion of deft is denied."

The defendant, on October 11, 1985, filed its motion for reconsideration. This motion was heard by the court on October 25, 1985, at which time the court determined that the motion to dismiss under Supreme Court Rule 103(b) should have been heard before consideration of plaintiff's motion for voluntary dismissal. The court set aside the September 13, 1985, order, granting voluntary dismissal and allotted the defendant's motion to dismiss under Supreme Court Rule 103(b) for hearing December 13, 1985. By letter dated April 29, 1986, the trial court ruled in favor of defendant and dismissed plaintiff's complaint with prejudice. A written judgment order was filed May 7, 1986.

On appeal the plaintiff contends that the trial court erred in: (1) hearing and ruling on defendant's motion to dismiss under Supreme Court Rule 103(b) on December 13, 1985, when the same motion had been denied on September 13, 1985, and that ruling had not been set aside or vacated; and (2) granting defendant's Rule 103(b) motion. The plaintiff claims that this order was an abuse of discretion under the facts of this case.

It is clear to us that the trial court denied defendant's motion to dismiss on September 13 because nothing was left to which the motion could apply after granting plaintiff's motion for voluntary dismissal. The written order of September 13 referred only to voluntary dismissal without prejudice. When the trial court heard defendant's motion to reconsider and vacated its order of September 13, it

thereby resurrected the case as it stood prior to the plaintiff's voluntary dismissal. This was evidenced by the fact that the trial court immediately set the defendant's motion to dismiss under Supreme Court Rule 103(b) for hearing on December 13. In arguing that the trial court erred in hearing defendant's motion to dismiss on December 13, 1985, the plaintiff makes an oblique reference to error on the part of the trial court in considering the case of *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, 483 N.E.2d 307.

The appellate court in *Bisby* framed the issue in this way:

"At issue is whether a plaintiff has an absolute right to a voluntary dismissal prior to trial or hearing where a motion to dismiss with prejudice pursuant to Supreme Court Rule 103(b) is pending. The trial court granted the plaintiff's motion for voluntary dismissal apparently believing it had no discretion to do otherwise." (136 Ill. App. 3d 170, 171, 483 N.E.2d 307, 308.)

The court went on to say:

"[W]e find that the trial courts should have discretion to consider any defense motion which might result in a dismissal with prejudice prior to ruling on a plaintiff's voluntary dismissal motion. Since the trial court did not exercise any discretion in this matter, we remand the cause ***." 136 Ill. App. 3d 170, 172, 483 N.E.2d 307, 308.

In the case we now consider, we believe the trial court felt that it had no discretion and was compelled to grant the plaintiff's motion for voluntary dismissal on September 13. We attribute no significance to the docket entry of that date denying defendant's motion as heretofore discussed, and consequently this case fits squarely within the ruling of *Bisby*.

Our supreme court in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, specifically held that where a plaintiff relies on sections 2—1009 and 13—217 in response to a pending Supreme Court Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to ruling on plaintiff's motion to dismiss under section 2—1009 of the Civil Practice Law. We thus conclude that the trial court did not commit error in reconsidering its order granting the motion of the plaintiff for voluntary dismissal and in alloting defendant's motion to dismiss for hearing.

We now consider plaintiff's second contention. His argument is that the trial court abused its discretion under the facts of this case when it dismissed his cause with prejudice. We disagree. Due diligence in serving process is essential to the administration of justice without delay. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492

N.E.2d 1322.) Rule 103(b) is not based upon the subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effecting service. *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.

Here, plaintiff filed his complaint four days before the expiration of the statute of limitations. He conclusively showed that he knew how to locate the defendant for service by setting forth the name and address of the registered agent in his request for summons which was attached to the complaint. He made no inquiry of the clerk's office concerning the summons until March of 1985, four months after the complaint was filed. He is chargeable with knowledge of Supreme Court Rule 102(b) (87 Ill. 2d R. 102(b)), which provides that no summons in the form to be used in this particular case may be served more than 30 days after its date. Had summons been issued upon the filing of the complaint, such summons would have lost its vitality in December of 1984. Upon being advised in March of 1985 that no summons had issued, plaintiff waited until June to obtain the issuance of a summons. This summons was apparently not served, since the plaintiff obtained an alias summons on July 8, 1985, which was served on July 19, 1985. This latter date was more than eight months after the statute of limitations had expired.

■■ ■ We believe that a party to a lawsuit has a nondelegable duty to take all necessary steps to bring his case to a prompt conclusion. It was the plaintiff's duty here to assure that summons was issued by the clerk; it was plaintiff's duty to deliver the summons to the sheriff for service; it was plaintiff's duty to see that a prompt and proper return was made by the sheriff. Plaintiff's failure to obtain prompt issuance of summons and to deliver it to the sheriff for service during a period at over seven months, shows a lack of due diligence.

The plaintiff filed a motion to strike a portion of defendant's brief. Upon a review of the record, we find the motion to be meritorious and that portion complained of is stricken.

The judgment of the circuit court of Vermilion County dismissing plaintiff's cause with prejudice is not an abuse of discretion and is affirmed.

Affirmed.

McCULLOUGH and WEBBER, JJ., concur.