WARREN E. TISCHER, Plaintiff-Appellant, v. DESMOND WARREN JORDAN, Indiv. and on Behalf of Those Underwriters at Lloyd's London Signatory to Certificate No. 30007, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—93—2931

Opinion filed January 13, 1995.

Miller, Forest & Downing, Ltd., of Glenview (Martin L. Miller, Alan John Forest, and Michael D. Downing, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Diane I. Jennings and Robert J. Berg, of counsel), for appellee Desmond Warren Jordan.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and John M. McGregor, of counsel), for appellee Philip Alan Reger.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiff, Warren E. Tischer, instituted this action seeking recovery for the theft of his truck under a policy of insurance issued by defendants in June 1983. The trial court dismissed the complaint with prejudice pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)) for lack of diligence in effecting service of process upon the defendants. Plaintiff has appealed the dismissal of his claims, contending that the trial court abused its discretion in granting defendants' motion to dismiss under Rule 103(b).

The record indicates that on June 6, 1983, plaintiff purchased a 1979 GMC Astro semi-truck for use as an over-the-road operator. On June 7, 1983, plaintiff obtained property damage and theft insurance coverage on the truck from defendants John E. Barrett and Philip Alan Reger, who were doing business as Reger Insurance Agency. According to plaintiff, he continued to pay his premiums and relied upon representations made by Barrett and Reger that his insurance coverage was in effect through the 1985-86 term. Plaintiff's truck was stolen on or about September 5, 1985, and he notified the defendant insurance agents of the theft. At that time, defendant Barrett informed plaintiff that his insurance coverage had been cancelled. Based upon the cancellation of the policy prior to the theft of plaintiff's truck, the defendants denied coverage and liability for the loss. Plaintiff thereafter brought suit seeking recovery under the policy.

Plaintiff's original complaint was filed in the chancery division on April 2, 1986. This five-count complaint requested a declaratory judgment of plaintiff's rights under the policy issued by Jordan and the underwriters. The complaint also sought compensatory damages from Barrett and Reger for the amount of the policy limits as well as other relief occasioned by the denial of coverage. All of the defendants were timely served on or about April 9, 1986, and appeared through counsel. Various motions to dismiss were filed by defendants, and substantial discovery was conducted by plaintiff and by defendant underwriters. On May 21, 1987, plaintiff filed an amended complaint, and the cause was transferred to the law division.

On November 3, 1987, the trial court entered an order allowing plaintiff leave to file a second amended complaint by December 8,

1987, in order to join as necessary parties the Bank of Villa Park, which had provided the installment loan for the purchase of the truck, and plaintiff's father, who had co-signed the note. Plaintiff failed to file this second amended complaint.

On June 16, 1988, the court dismissed the amended complaint for failure to join these necessary parties, but plaintiff was granted 28 days to file a second amended complaint. Plaintiff again failed to file a second amended complaint. No action was taken in the case by plaintiff or defendants from June 1988 until August 1991. On August 28, 1991, the pretrial mediation court entered an order which stated that the action had been dismissed three years earlier on June 16, 1988.

On February 4, 1992, plaintiff again sought leave to file a second amended complaint. After a hearing on February 20, 1992, the trial court dismissed the cause for want of prosecution and held that the dismissal was effective as of July 5, 1991. At that time, the trial court specifically stated that the dismissal was not a sanction under Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)) for failure to comply with the court's order regarding the filing of a second amended complaint. The court also noted that under section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)), plaintiff had an absolute right to commence a new action within one year after a dismissal for want of prosecution.

The cause was refiled on July 2, 1992, pursuant to section 13—217 of the Code of Civil Procedure. Plaintiff's five-count complaint was substantially identical to the complaint filed in the original action, and summons issued against all defendants on July 2, 1992. When plaintiff's counsel arrived at the sheriff's office, he discovered a long line and opted not to place the summonses for service at that time. Rather, counsel returned to his office, intending to forward the summonses to a clerking service for placement with the sheriff's office. Although the summonses were neither forwarded to the clerking service nor placed with the sheriff's office, plaintiff's counsel made a diary entry for a service check in mid-August 1992. On that date, counsel checked the court file, but found no summons or return of service by the sheriff. Counsel then made another diary entry for a date in early September for a second service check. In accordance with this diary entry, counsel again checked the court file and found no summons or return of service. Counsel then inspected his file in early September 1992 and discovered only photocopies of the original summonses. Upon further investigation, however, plaintiff's attorney realized that he had never placed the summonses with the sheriff for service.

On December 31, 1992, plaintiff's counsel caused alias summonses to issue against all defendants and placed these summonses with the sheriff for service. Defendant Reger was served on January 7, 1993, and defendant Jordan was served individually and on behalf of underwriters on January 8, 1993. Plaintiff's counsel was unable to locate defendant Barrett. Consequently, he was never served and is not a party to this appeal.

On February 5, 1993, defendants Jordan and underwriters filed a motion to dismiss with prejudice pursuant to Supreme Court Rule 103(b) for failure to exercise reasonable diligence in effecting service of process in the refiled action. The trial court ordered that plaintiff respond to this motion by March 22, 1993, and a hearing on the motion was scheduled for April 15, 1993. On March 15, 1993, defendant Reger moved to adopt underwriters' pending motion to dismiss.

On April 15, 1993, plaintiff's counsel brought an emergency motion seeking leave to file his overdue response to the Rule 103(b) motion. In this motion, plaintiff's attorney stated that because of "an unexpected and protracted family illness, plaintiff's attorney has failed to file timely plaintiff's response to the motions to dismiss." The trial court ordered that plaintiff's response to defendants' motion to dismiss be served by April 16, 1993. Plaintiff's response to the defendants' motion was not filed until April 21, 1993.

In the verified response, plaintiff's counsel provided the court with a chronology of the two actions brought by plaintiff and presented argument as to the reasons why he believed the Rule 103(b) motion to dismiss should be denied. In making this argument, plaintiff's attorney referred to the circumstances which caused the defendants to be served in January 1993, including the long line at the sheriff's office on July 2, 1992, his inadvertent failure to have the summonses placed with the sheriff's office by a clerking service, his two diary entries and checks for service, and the ultimate issuance of alias summonses on December 31, 1992.

Thereafter, the trial court requested that the parties submit briefs discussing the applicable statutes of limitations. Defendants asserted that plaintiff's claims were predicated upon breach of an oral contract, negligence, and common law fraud and were governed by the five-year limitations period provided in section 13—205 of the Code of Civil Procedure (735 ILCS 5/13—205 (West 1992)). Defendants argued that because the limitations period had expired approximately three years earlier, plaintiff's action should be dismissed with prejudice.

On June 2, 1993, the trial court dismissed the action, finding that plaintiff had failed to exercise reasonable diligence in effecting ser-

vice of process as required by Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)). In entering this ruling, the trial court specifically noted that the plaintiff's action had been refiled after the original case, which was filed on April 2, 1986, had been dismissed for want of prosecution. The court also acknowledged plaintiff had been given more than one opportunity to file a second amended complaint in the first case, but he had never done so. The trial court stated that it was particularly concerned about the plaintiff's inaction from 1988 to 1992 and with the fact that the claims asserted against the defendants had been pending since 1986. Finally, the court stated that, in light of the history of the case, the three-month delay from September to December 1992 evidenced a lack of reasonable diligence in effecting service upon the defendants.

On July 2, 1993, plaintiff filed a motion for vacatur or reconsideration of the dismissal order. This motion was denied by the trial court on July 16, 1993, and plaintiff filed the instant appeal on August 13, 1993. In seeking an extension of time to file the record on appeal, plaintiff's counsel submitted an affidavit before this court which attested that he had become unable to fulfill the demands and responsibilities of his practice because he suffered from a form of depression for which he was seeking treatment. The matters presented in this affidavit supporting the motion for an extension were not presented to the trial court or offered as an explanation for the delay in service of defendants and will not be considered.

On appeal, plaintiff contends that the trial court abused its discretion in granting defendants' motion to dismiss under Supreme Court Rule 103(b).

■ Under section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)), plaintiff had an absolute right to commence a new action within one year after a dismissal for want of prosecution. (See *Gonzalez v. Thorek Hospital & Medical Center* (1991), 143 Ill. 2d 28, 30-31, 570 N.E.2d 309.) A party to a lawsuit has a nondelegable duty to take all necessary steps to bring his case to a prompt conclusion. (*Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 639, 552 N.E.2d 1178.) Consequently, once the second action was filed, plaintiff was obligated to effect prompt service upon the defendants.

■ Supreme Court Rule 103(b) provides as follows:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the

applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

The purpose of this rule is to promote the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 285-86, 555 N.E.2d 719.) This rule protects defendants from unnecessary delays in the service of process and prevents the circumvention of statutes of limitation. (*Segal*, 136 Ill. 2d at 286; *Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 900, 414 N.E.2d 1262.) Yet, this rule is not based upon the subjective test of plaintiff's intent, but rather upon the objective test of reasonable diligence in effecting service. (*Jones v. Shallow* (1990), 201 Ill. App. 3d 594, 596, 559 N.E.2d 128; *Paglis v. Black* (1989), 178 Ill. App. 3d 1062, 1064, 534 N.E.2d 206; *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 639, 314 N.E.2d 473.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service (*Segal*, 136 Ill. 2d at 286; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 264, 273 N.E.2d 270), and the defendant need not establish that he has been prejudiced by the delay (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 291, 492 N.E.2d 1; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188, 406 N.E.2d 204). The plaintiff's diligence must be established factually, by affidavit in conformity with the rules of evidence. *Mayoral v. Williams* (1991), 219 Ill. App. 3d 365, 370, 579 N.E.2d 1196.

■ Although each case must be decided on its own particular facts and circumstances, the factors a court may consider in entering a dismissal under Rule 103(b) include (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) actual knowledge by the defendant of the pendency of the action as a result of ineffective service; (6) special circumstances affecting plaintiff's efforts; and (7) actual service on defendant. (*Segal*, 136 Ill. 2d at 287; *Gatto*, 142 Ill. App. 3d at 288; *Greenwood*, 85 Ill. App. 3d at 188-89.) Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. *Segal*, 136 Ill. 2d at 286; *Viking Dodge, Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 188, 514 N.E.2d 248; *Gatto*, 142 Ill. App. 3d at 288.

In granting the Rule 103(b) motion, the trial court specifically noted that plaintiff's counsel realized in early September that the summonses had not been placed for service, but alias summonses were not issued or placed with the sheriff until December 31, 1992.

Absolutely no explanation was offered to explain this 4¹/₂-month delay. (See *Womick v. Jackson County Nursing Home* (1990), 137 Ill. 2d 371, 379-80, 561 N.E.2d 25, citing *Penrod*, 150 Ill. App. 3d at 129 (cause properly dismissed where plaintiff made only minimal efforts to obtain service over a period of seven months); *Gatto*, 142 Ill. App. 3d at 288-89.) Although plaintiff has made reference to the psychological condition and treatment of plaintiff's counsel, we note that this circumstance was not presented to the trial court and is not properly before this court. See generally *Regal Package Liquor, Inc. v. J.R.D., Inc.* (1984), 125 Ill. App. 3d 689, 691, 466 N.E.2d 409.

■ The trial court determined that plaintiff's failure to obtain service upon the defendants until six months after the complaint was filed evidenced a lack of reasonable diligence. (See *Schusterman*, 195 Ill. App. 3d at 639; *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 129, 501 N.E.2d 367.) The fact that defendants were served in January 1993 without any difficulty demonstrated that these defendants were available and amenable to service at an earlier date, if plaintiff had exercised reasonable efforts to effecting service. Indeed, service of defendant Reger was achieved at the same address at which he had been served seven years earlier in the original action, and defendants Jordan and underwriters were served through the Illinois Department of Insurance, as they had been in the original action. In the absence of a satisfactory explanation, the trial court could properly conclude that the delay in effecting service on these defendants was unreasonable. *Gatto*, 142 Ill. App. 3d at 288.

The record before us indicates that the original action was dismissed for want of prosecution after approximately three years of inactivity and the failure to file a second amended complaint, despite the trial court's order that such a pleading be filed. After the cause was refiled on July 2, 1992, plaintiff made no real effort to effect prompt service upon defendants. The only explanation for the six-month delay in service consisted of the long line at the sheriff's office, the inadvertent failure to have the summonses placed with the sheriff by a clerking service, and counsel's confusion over the lack of returns of service in the court file in mid-August and early September. We hold that this was insufficient to excuse plaintiff's obligation to exercise reasonable diligence in effecting service.

The record establishes that the trial court properly considered the totality of the circumstances in rendering its ruling. In light of the six-month delay in effecting service, counsel's statement that he inadvertently failed to place the summonses for service after finding a long line at the sheriff's office in July 1992, the lack of an explanation for the delay from September to December 1992, plaintiff's

knowledge of the defendants' location, and the ease with which service could have been accomplished, we hold that the trial court's dismissal of plaintiff's action did not constitute an abuse of discretion. Because section 13—217 provides for only one refiling, regardless of whether the applicable statute of limitations has expired, the trial court's dismissal of plaintiff's action was necessarily with prejudice. See *Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, 253-54, 582 N.E.2d 720.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, P.J., and RAKOWSKI, J., concur.