No. 3–08–0930

Filed December 18, 2009

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| SHARON J. VERPLOEGH, | ) | Appeal from the Circuit Court |
| | ) | for the12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| | ) | |
| | ) | No. 07–L–531 |
| v. | ) | |
| | ) | |
| MARK L. GAGLIANO, | ) | Honorable |
| | ) | Susan T. O'Leary, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE CARTER delivered the opinion of the court:

The plaintiff, Sharon Verploegh, filed a complaint against the defendant, Mark Gagliano, on August 15, 2007, for damages allegedly arising out of an automobile accident on August 23, 2005. The defendant was served on March 17, 2008, and thereafter filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b). Official Reports Advance Sheet No. 14 (July 4, 2007), R. 103(b), eff. July 4, 2007. The trial court granted the motion and dismissed the complaint with prejudice. The plaintiff appeals, claiming the court abused its discretion when it granted the defendant's motion. We reverse the trial court's judgment and remand for further proceedings.

FACTS

On August 15, 2007, approximately one week before the expiration of the applicable

statute of limitations, the plaintiff filed a complaint against the defendant alleging that the defendant negligently operated a vehicle on August 23, 2005, and caused injury to the plaintiff. A summons was issued that same day, listing the defendant's address as 1430 Jo Ann Lane, Addison, Illinois. On September 10, 2007, the summons was returned unserved by the sheriff's office because the defendant's mother told the deputy sheriff that the defendant no longer lived at that address.

At a status hearing on December 3, 2007, the plaintiff informed the trial court that the defendant had not been served and requested a "due diligence date." The court continued the status hearing until February 4, 2008. On that date, the plaintiff advised the court that the defendant had not been served. The court set a new status hearing for April 7, 2008.

On February 29, 2008, an alias summons was issued that listed the defendant's address as 705 Wilmette Avenue, Westmont, Illinois. On March 24, 2008, an affidavit of service by a special process server was filed. The affidavit stated that the defendant had been served on March 17, 2008, at 4537 Pershing, Downers Grove, Illinois.

On May 12, 2008, the defendant filed a motion to dismiss the complaint pursuant to Supreme Court Rule 103(b). In his attached affidavit, the defendant attested that he had lived at 4537 Pershing Avenue in Downers Grove, Illinois since January 2006. The plaintiff filed her response to the motion to dismiss on June 11, 2008. In her response, she listed the efforts she made to serve the defendant between August 15, 2007, and March 17, 2008. The initial summons was returned unserved by the sheriff's office on August 23, 2007. On September 5, 2007, the plaintiff's attorney sent a change of address form to the post office, which was returned on September 11, 2007, and stated that the forwarding order had expired. The plaintiff's attorney

2

then conducted an Internet search for the defendant and found someone with the defendant's name residing in Westmont, Illinois.  On December 13, 2007 an alias summons was obtained for service at the Westmont address.  Service was attempted on January 4, 2008.  The sheriff's office returned the summons unserved because the person had moved.  On February 8, 2008, the plaintiff's attorney sent another change of address form to the post office, which was returned on February 13, 2008, indicating "good as addressed."  The plaintiff's attorney then employed a special process server who served the defendant at his home on March 17, 2008.

On June 30, 2008, a hearing was held on the defendant's motion to dismiss.    The court granted the defendant's motion to dismiss and dismissed the complaint with prejudice.  On July 25, 2008, the plaintiff filed a motion to reconsider, which was subsequently denied.  The plaintiff also filed a "Motion to Supplement Response to Defendant's Supreme Court Rule 103(b) Motion to Dismiss."  In that motion, the plaintiff argued that the hearing on the defendant's motion to dismiss was not conducted in conformity with the rules of evidence because she had not attached an affidavit to her response to that motion.  The plaintiff's attorney attached an affidavit to this motion setting forth the same efforts to obtain service on the defendant that she had listed in the response to the defendant's motion to dismiss.  On October 24, 2008, the court entered an agreed order allowing the plaintiff to attach her counsel's affidavit and another exhibit to her previously filed response to the defendant's motion to dismiss.  The parties also agreed that all of the facts contained in the affidavit were considered by the court when it made its decisions to grant the motion to dismiss and deny the plaintiff's motion to reconsider.  The plaintiff appealed.

ANALYSIS

The plaintiff maintains the trial court erred by dismissing her complaint with prejudice

3

pursuant to Supreme Court Rule 103(b). That rule provides:

" Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion. In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Official Reports Advance Sheet No. 14 (July 4, 2007), R. 103(b), eff. July 4, 2007. The plaintiff has the burden to prove reasonable diligence to obtain service of process. Segal v. Sacco, 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720 (1990). We review a decision to grant a motion to dismiss pursuant to Supreme Court Rule 103(b) for an abuse of discretion. Segal, 136 Ill. 2d at 286, 555 N.E.2d at 720.

The purpose of Rule 103(b), and a primary reason for its passage, is the " ' "[p]revention of intentional delay in the service of summons which would postpone service for an indefinite time after a statutory period of limitations has run." ' " Case v. Galesburg

4

Cottage Hospital, 227 Ill. 2d 207, 221-22, 880 N.E.2d 171, 180 (2007), quoting Segal, 136 Ill. 2d at 286-87, 555 N.E.2d at 720, quoting Karpiel v. LaSalle National Bank of Chicago, 119 Ill. App. 2d 157, 160 (1970). As noted by the supreme court, "[d]ismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service is of a length which denies a defendant a 'fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.' " Segal, 136 Ill. 2d at 288, 555 N.E.2d at 721, quoting Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill. 2d 273, 289-90, 122 N.E.2d 540, 549 (1954). The trial court's determination of a plaintiff's lack of diligence is an objective one and a "fact-intensive inquiry suited to balancing, not bright lines." McRoberts v. Bridgestone Americas Holding, Inc., 365 Ill. App. 3d 1039, 1042, 851 N.E.2d 772, 775 (2006).

"There is no specific time limitation provided by Rule 103(b). Rather, a court must consider the passage of time in relation to all the other facts and circumstances of each case individually." Case v. Galesburg Cottage Hospital, 227 Ill. 2d 207, 213, 880 N.E.2d 171, 175 (2007). Courts consider a number of factors when determining whether to grant a Rule 103(b) motion, including but not limited to: (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) special circumstances which would affect plaintiff's efforts; and (6) actual service on the defendant. Case, 227 Ill. 2d at 212-13, 880 N.E.2d at 175; see also Segal, 136 Ill. 2d at 287, 555 N.E.2d at 720; Womick v. Jackson County Nursing Home, 137 Ill.

5

2d 371, 377, 561 N.E.2d 25, 27 (1990). Five to seven months between filing and service of process seems to be the minimum delay generally needed to make a prima facie showing of failure to exercise reasonable diligence. 3 R. Michael, Illinois Practice §8.7, at 45 (Supp. 2007).

In this case, the defendant was served approximately seven months after the plaintiff filed her complaint. During those seven months, the plaintiff took a number of steps to ascertain the defendant's address and serve him with a summons. The plaintiff immediately placed a summons for service with the sheriff at the address listed as the defendant's address on the accident report. Approximately two weeks after that summons was returned unserved, the plaintiff requested information from the post office regarding the defendant's change of address. Within two months of the post office informing the plaintiff that any change of address information had expired, the plaintiff conducted an Internet search for the defendant's address and found nine possible addresses. One month later, an alias summons was issued and sent to the sheriff for service at an address in Westmont. One month after that summons was returned unserved because the defendant had allegedly moved, the plaintiff again requested address information from the post office. Within the next month, the plaintiff was informed by the post office that the Westmont address was a good address, employed a special process server, and ultimately served the defendant at an address in Downers Grove.

Although a month or even two may have elapsed between efforts taken by the plaintiff to locate the defendant and serve him, this is not a case where the plaintiff was attempting to delay service or circumvent the statute of limitations. Unlike the cases cited

6

by the defendant, the plaintiff did not ignore her case for months at a time and make no attempts to locate or serve the defendant. Cf. Penrod v. Sears, Roebuck & Co., 150 Ill. App. 3d 125, 501 N.E.2d 367 (1986) (plaintiff waited four months after complaint filed before contacting clerk of court to determine whether summons had been served and then waited another three months before contacting court again and preparing a new summons); Tischer v. Jordan, 269 Ill. App. 3d 301, 645 N.E.2d 991 (1995) (4 ½- month unexplained delay between time plaintiff realized he failed to place summons with sheriff and time alias summons was issued and placed with sheriff for service); Daily v. Hartley, 77 Ill. App. 3d 697, 396 N.E.2d 586 (1979) (although defendant moved several times and plaintiff made numerous efforts to locate him, service was not made until almost seven years after complaint filed).

The plaintiff's actions in the instant case, as in Case, did not postpone service for an indefinite time. Unlike some cases, one cannot say there is "no evidence of diligence in effectuating service" in the instant case. See, e.g., Womick, 137 Ill. 2d at 380, 561 N.E.2d at 29. The plaintiff made more than minimal efforts to obtain service of summons during this seven-month period. This case does not represent a situation where the plaintiff was in neglectful or intentional recumbency and thus did not take steps necessary to obtain reasonably prompt service. The Rule 103(b) test is not whether the plaintiff has done everything possible with the utmost prudence and diligence but, rather, whether the plaintiff exercised reasonable diligence so that the delay of service did not deny the defendant a fair opportunity to investigate the facts of the case.

CONCLUSION

7

Considering the relatively short period of time between the filing of the complaint and the date of service and the number of steps the plaintiff took to serve the defendant, we determine that the trial court abused its discretion by dismissing the plaintiff's complaint. Accordingly, the judgment of the Will County circuit court is reversed and the matter is remanded for further proceedings.

Reversed and remanded.

WRIGHT, J. concurring.

JUSTICE SCHMIDT, dissenting:

I disagree with the majority's finding that the trial court abused its discretion when it found plaintiff failed to exercise reasonable diligence in obtaining service of summons on defendant. The trial judge's ruling should not be overturned absent an abuse of discretion. *Segal v. Sacco*, 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720 (1990). An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court or where the trial court acted arbitrarily. *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169, 840 N.E.2d 269, 276 (2005); *People v. Woodrum*, 223 Ill. 2d 286, 302, 860 N.E.2d 259, 270-271 (2006).

The majority contends that no reasonable person could find that plaintiff failed to act diligently in serving defendant after expiration of the applicable statute of limitations. In Illinois, the statute of limitations for an injury to the person, such as plaintiff's claim herein, is two years. 735 ILCS 5/13--202 (West 2006). Defendant was served seven months after the expiration of the statute of limitations. Plaintiff, therefore, extended the statute of limitations by nearly 30%. Let us look at the plaintiff's efforts to serve

defendant in this case:

- On August 15, 2007, the complaint and summons were forwarded to the DuPage County sheriff for service on defendant. On August 23, 2007, the DuPage County sheriff returned the summons complaint unserved.

- On September 5, 2007, plaintiff's attorney sent a change of address form to the United States Post Office which was returned on September 12, 2007, as "forwarding ordered expired."

- On November 7, 2007 (over two months later), plaintiff's attorney performed an Internet search which revealed nine potential addresses for defendant's name. Plaintiff chose the first address on the internet search, 705 Wilmette Avenue, Westmont, Illinois.

- On December 13, 2007 (over one month later), plaintiff obtained an alias summons for service on defendant at the Westmont address.

- On January 4, 2008, the DuPage County sheriff returned the return of service indicating the defendant had moved.

- On February 13, 2008 (over one month later), plaintiff sent a second form letter to the United States Postal Service requesting address information for defendant, citing the Westmont address. The postal service stated that the address was good.

- On February 28, 2008, plaintiff caused a second alias summons to be issued for defendant at the same Westmont address.

- Finally, on March 17, a special process server, hired by plaintiff, served defendant at his home in Downers Grove, Illinois. This occurred seven

9

months after the expiration of the applicable statute
of limitations.

As illustrated above, during this seven-month period, there were periods totaling four months when nothing was done.

Yet, the majority later states that "unlike the cases cited by defendant, the plaintiff did not ignore her case for months at a time," and that this is "not a case where the plaintiff was attempting to delay service or circumvent the statute of limitations." Slip op. at 6. As set forth above, the plaintiff did indeed ignore the case for months at a time. Moreover, whether or not plaintiff was attempting to delay service is not the point; the fact is, service was delayed for no plausible reason. Plaintiff's efforts were minimal at best.

The majority relies almost entirely upon the fact that the ultimate time between the case filing and perfection of service was approximately seven months. However, the time delay is only one factor for the court's consideration. As explained by the majority above, courts consider a number of factors when determining whether to grant a Rule 103(b) motion. Each case must be decided on its own particular facts and circumstances. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 212. The primary purpose of Rule 103(b) is to promote expeditious handling of lawsuits by giving the court wide discretion to dismiss when service is not perfected with reasonable diligence. *Sinn v. Elmhurst*

10

*Medical Building., Ltd.*, 243 Ill. App. 3d 787, 612 N.E.2d 932 (1993).

Here, the record reflects that the trial judge properly examined the relevant factors, and ultimately concluded plaintiff did not act diligently. Specifically, the judge explained:

> "The factors that the Court needs to consider are set forth in the defendant's motion. And those are in support of reasonable diligence, the length of time to obtain service, which was approximately seven months, the activities of the plaintiff. They are set forth in the various pleadings. And I think that we have discussed them on the record.
>
> I think that they show that there frankly was not reasonable diligence. And any knowledge on the part of the plaintiff of defendant's location, the defendant has represented that he has been at the same address during [the] entire seven-month period. The ease with which the defendant's whereabouts could have been ascertained. He lives and was served actually in Downers Grove, apparently had not recently relocated to that address. Any special circumstances that would affect --I'm sorry-- made by the plaintiffs. I don't think that there are any special

11

circumstances. Actual knowledge of the defendant of the pendency of the action. There is no indication that he was aware of this action. And then, of course, actual service, which was effected seven months after today's date. So, based upon everything, having reviewed the pleadings filed by

the parties, and having actually read the cases, because I wrote an opinion on, an order on a 103(b) motion, and I read all the cases already. So I am familiar with the case law. I am granting the

motion."

The trial judge correctly considered the totality of the circumstances and, therefore, did not act arbitrarily. Moreover, one cannot say that no reasonable person would take the view adopted by the trial court. It is undisputed that over the seven-month period, two service attempts were made to false addresses once approximately every 71 days. Plaintiff did not rebut that the entirety of her actions taken to perfect service upon defendant during those seven months amounted to "under an hour" of work. Finally, it is undisputed that by the time plaintiff retained her attorney, defendant had been living at his current address for nearly 19 months, and continued to reside there at the time of the hearing.

The majority fails to cite a single case where an abuse of discretion was found on behalf of the trial court judge when the delay in service of summons was over six months after the expiration of the statute of limitations. Even assuming that reasonable people could disagree with the trial court's ruling, one cannot say that the ruling was an abuse of discretion. The majority has ignored the standard of review and substituted its judgment for that of the trial court. The trial judge should be affirmed. For the foregoing reasons, I respectfully dissent.